(Superior Court of Cincinnati.)
Special Term.

## D. W. BLYMYER v. THE BLYMYER IRON WORKS CO.

## ALBERT HOFFMEISTER v. CINCINNATI VOLKSBLATT CO.

1. Where a stockholder in a corporation has been denied the right to an inspection of its books, the remedy to compel such inspection is not mandamus, but mandatory injunction.
2. The question whether the motive of the stockholder can be inquired into in such a proceeding, not determined.
3. The right to an examination and inspection by a stockholder is not limited to an examination and inspection by himself, but includes also the right to examine with an attorney, agent or expert book-keeper.

### SMITH, J.

As these two cases have followed one another in the hearing and in many respects are similar, I will dispose of them together.

The actions are brought by stockholders in the respective corporations who demand an inspection of the books of the corporation and who seek to compel such inspection by a mandatory injunction against the corporations.

The first question of law that presents itself, and which must be disposed of before any other question of law or fact is considered, is this:—Where a stockholder is entitled to an inspection of the books of a corporation and such inspection is denied by the corporation, is the remedy to compel such inspection by proceeding in mandamus or by mandatory injunction?

The right to an inspection of the books and records of a corporation by every stockholder in the same, is granted by sec. 3254, of the Rev. Stats., which reads as follows: "Stockholders shall be entitled to receive certificates of their paid up stock in the company; and the president and secretary of the company, shall, on demand, execute and deliver to a stockholder, a certificate showing the true amount of the stock held by him in the company. And it shall be the duty of the directors of such corporation when organized, to keep a record of all stock subscribed and transferred, and of the secretary or recording officer of such corporation to register therein all subscriptions and transfers of stock. For that purpose a book shall be kept and whenever any certificate or certificates of stock are assigned and delivered by a stockholder, the assignee thereof shall be entitled on demand to have the same duly transferred upon said book by such secretary, or recording officer, whose duty it shall be at the same time to enroll therein, also the name of said assignee as a stockholder; *and the books and records of such corporation shall, at all reasonable*

*times, be open to the inspection of every stockholder.*

There is some conflict among the authorities as to whether mandamus or injunction is the proper remedy to compel the registry or transfer of certificates of stock when application is made therefor to the corporation by one who is a holder of such certificates; but whatever may be the rule in other states, the rule in this state is now settled by the decision of our supreme court in the case of State ex rel. v. Carpenter et al., 51 Ohio St., 83. In that case it was held, that "when the officers of a private corporation organized for profit, refuse, on demand to issue a certificate of stock to a person entitled thereto, his appropriate remedy is by action against the corporation for damages, or to enforce the issue and delivery of such certificate in equity, either of which he may pursue at his election. Mandamus is not the proper remedy." See also The Fraternal Mystic Circle v. The State of Ohio ex rel. Lincoln Fritter, 39 W. L. B., 42.

It is not necessary to refer to the reasoning of the court in the Carpenter case, as a reading of the report of the case which is short will readily disclose it.

As the supreme court has decided that injunction and not mandamus, is the sole remedy to enforce the provisions of the first part of sec. 3254, I am unable to see why injunction and not mandamus is not the sole remedy to enforce the latter provision of the section which grants to the stockholders a right to an inspection of the books and records of the corporation.

The remedy by injunction is also upheld in the following cases: Holland v. Dickson, 37 Ch. D., 669; Mutter v. Eastern and Midlands Railway Company, 38 Ch. D., 92; Pender v. Lushington, 6 Ch. D. 70; Freon v. Camap Co., 42 Ohio St., 30; Thuylar v. Cragin Cattle Co., 40. N J. E., 392; Mitchell v. Rubber Reclaiming Co., 24 Atl. Rep., 407, (New Jersey.)

In the Blymyer case it is contended, however, that the injunction ought not to issue for the reason that the statute provides that the books and records shall be open to inspection only "at all reasonable times," and that the plaintiff had two opportunities within a short time prior to the filing of this case to examine the books: that in one instance he refused to avail himself of the opportunity, and that in the other instance he made an examination; and that to permit another examination would be unreasonable and an annoyance, and that the plaintiff is repeating his demands for examination for the purpose of so annoying the defendant corporation, that in order to free itself from the annoyance, it will induce other stockholders of the corporation to purchase the stock of plaintiff.

Whether this state of affairs, if shown by the evidence to exist, would be a defense to an application to examine the books I do not decide because. I am of the opinion that the evidence does not sustain the claim of the defendant.

COPYRIGHT, 1898, BY CARL G. JAHN.

The first occasion upon which the defendant claims the plaintiff was given an opportunity to examine the books and failed to do so, was in an action brought in the common pleas court by plaintiff, to dissolve the defendant corporation. It is true, that in that action, upon application of plaintiff, an order was made upon defendant to permit an examination of its books; but that order was not made under sec. 3254, but under secs. 5289 and 5290, which relate to the production and inspection of books when a cause of action is pending. Before the privilege granted was exercised, however, the action was dismissed by plaintiff without prejudice, as was his right under the statute, because as he asserts, the cause coming on for trial he was not ready to try it.

Upon the second occasion referred to, the plaintiff demanded an inspection of the books, the day was fixed and plaintiff's counsel called at the office of the defendant stating that the expert whom he had expected to bring with him was not able to come with him, because of sudden illness in the family, but he would try to get along without him, which he did. He found afterwards that his examination had not been as thorough as it would have been had he been accompanied with a book-keeper, and requested a further examination, which was refused. It seems to me that under these circumstances a further examination of the books with a book-keeper would not be unreasonable.

In the Volksblatt case, the defendant corporation having become suspicious that the application of the plaintiff stockholder was not made in good faith. but was made either in the interest of a rival corporation, or for the purpose of compelling the corporation through some of its other stockholders, to purchase his stock, refused to permit an examination. But subsequently the company took the position that while it was willing that the stockholder himself should make such an examination, it was unwilling for him to be accompanied by an expert accountant or bookkeeper, who should make memoranda of the result of his examination.

The only evidence in the case to show that the plaintiff was acting in the interest of a rival corporation, is the fact that he is the brother-in-law of the president of such corporation, although he has owned his stock for eight years; and the only evidence that the motive of plaintiff was to force a sale of the stock, is evidence tending to show the statement of one of the attorneys of plaintiff, that the only way in which the controversy could be settled was by the purchase of the stock of plaintiff.

Conceding for the sake of argument that an improper motive is a sufficient ground upon which a corporation may base its refusal to permit an examination of its books and records as provided in sec. 3254, I am of the opinion that the evidence here, would not be sufficient to sustain such a defense, and would not be considered as

sustaining it even by a court of error in which the findings of fact in the lower court are sustained unless manifestly contrary to the weight of the evidence.

I have thus referred to the evidence in both cases upon the question of the motive of the plaintiffs, for the reason that as the evidence is not sufficient to warrant a finding that the motives are bad in either case, it is unnecessary for me to determine the question, whether the motive may be inquired into when an application is made for an examination of the books under sec. 3254. There are authorities of high standing and great weight in which it has been held, that under such a statute the motive is immaterial, but I express no opinion at this time upon that question. Of the authorities I refer to, some are directly in point and others declare a principle kindred to the one contended for. They are as follows: Pender v. Lushington, 6 Ch. D., 70; State ex rel. v. St. Louis & San Francisco Ry. Co., 29 Mo. Appeals.. 301; State ex rel. Spinney v. Sportsman Park and Club, 29 Mo. Appeals, 326; Mitchell v. The Rubber Co., 24 Atl. Rep;, 407; Thompson on Corporations, sec. 4412; Davis v. Flagg, 35 N. J: Equity, 491; Morris v. Tuthill, 72 N. Y., 575: Same case appeared in 150 N. Y., 452; Letts v. Kessler, 54 Ohio St., 73.

One further question remains to be considered, and that is, whether the right to examine the books and records is limited to a right of examination by the stockholder himself, or whether it also includes the right to examine with an attorney, agent, or an expert book-keeper. The authorities so far as I am informed are uniform to the effect that the right to an examination cannot be restricted to a personal examination of the stockholder. but also extends to those who represent him. A citation from one of the authorities will. sufficiently show the reason upon which the courts base their rulings. In Mitchell v. Rubber Co., supra, the court in disposing of this objection, said: "I cannot give any great weight to the resistance offered in the second objection. The admission that the petitioner has the right and may examine the books himself, is an admission that he may do it by his agent or attorney. Independent of his physical inability on account of sickness, he may be from want of skill and training in the art of keeping accounts wholly unfitted to come to a proper conclusion as to the true financial standing of the company."

See also, Mutter v. Railway, 38 Ch. D., 92, and Foster v. White, 6 Ala., 1889.

For the reasons stated above, the plaintiffs are entitled to the relief prayed for.

Wilby & Wald, for Blymyer.

Aaron A. Ferris, for Blymyer Co.

A. B. Benedict and J. D. Creed, for Hoffmeister.

C. W. Baker, for Volksblatt Co.