Malvina Cooper, Appellant, *v.* Morris E. Gossett, Respondent.

(Argued January 5, 1934; decided February 27, 1934.)

*Samuel W. Dorfman* and *Jacob R. Schiff* for appellant. Defendant having violated his promise to comply with the provisions of the Tax Law and having betrayed plaintiff's confidence, is estopped from asserting section 278 of the Tax Law (Cons. Laws, ch. 60) as a defense. (*Rothschild* v. *Title Guarantee & Trust Co.*, 204 N. Y. 458; *New York Rubber Co.* v. *Rothery*, 107 N. Y. 310.) The seller's failure to pay the stamp tax required by sections 270–278 of the Tax Law does not constitute a defense to a negotiable promissory note given in payment for the stock. (*Matter of Wylly*, 210 Fed. Rep. 954.) Despite the failure to affix the stock transfer stamp required by the Tax Law, the transfer vests in the transferee a good and valid title to the stock. (*Bean* v. *Flint*, 204 N. Y. 153.)

*I. Maurice Wormser* and *Morris E. Gossett* for respondent. The failure of plaintiff to affix the stamp for the transfer tax on the certificate of stock transferred by her to defendant is a valid defense to this action brought to recover the consideration for the sale or transfer. Public policy requires that the Tax Law be enforced. (*Bean* v. *Flint*, 204 N. Y. 153; *Sheridan* v. *Tucker*, 145 App. Div. 145; *Bendell* v. *De Dominicis*, 251 N. Y. 305; *Matter of Releigh*, 75 Misc. Rep. 55; *Phillips* v. *Grossman*, 76 Misc. Rep. 499.) Because this action is based upon a promissory note given in part payment of the stock, and not for the purchase price thereof, does not prevent the application of the prohibitory provisions of the Tax Law. (*Matter of Borst*, 129 Misc. Rep. 424; 222 App. Div. 707; 248 N. Y. 556; *Hall* v. *Davis*, 95 Misc. Rep. 315; *Sirkin* v. *Fourteenth St. Store*, 124 App. Div. 384; *Griffin* v. *Wells*, 3 Den. 226; *Accetta* v. *Zupa*, 54 App. Div. 33; *Embrey* v. *Jemison*, 131 U. S. 336; *McMullen*

v. *Hoffman*, 174 U. S. 639; *Turck* v. *Richmond*, 13 Barb. 533; *Devlin* v. *Brady*, 36 N. Y. 531; *Cowing* v. *Altman*, 71 N. Y. 435; *Hat Goods* v. *Barrett*, 106 N. Y. Supp. 189; *Arotzky* v. *Kropnitzky*, 98 N. J. L. 344.) The defendant is not estopped from asserting plaintiff's violation of article 12 of the Tax Law as a defense. (*Phillips* v. *Grossman*, 76 Misc. Rep. 497; *Shapley* v. *Abbott*, 42 N. Y. 443; *Sheridan* v. *Tucker*, 145 App. Div. 145; *Bendell* v. *De Dominicis*, 251 N. Y. 305; *Burns* v. *McCormick*, 233 N. Y. 230; *Connell* v. *Slater*, 137 Misc. Rep. 249.)

CROUCH, J. The defendant, a practicing lawyer, was the secretary of a corporation in which the plaintiff was a stockholder. They had known each other for many years. In 1931 the plaintiff sold to the defendant five shares of her stock for $2,000, receiving $500 in cash and three notes for $500 each. The sale was closed in the defendant's office. The amount of the stamp tax which the plaintiff was required to pay on the transfer was ten cents. That sum was offered to the defendant. He said: " Never mind. I will put the stamp on myself. I am the secretary of this company." He did not do so. Before the maturity of the first of the three notes he paid $75 thereon. He has made no other payment.

This action is brought upon that note. The defendant says there can be no recovery because plaintiff did not affix the stamps for the transfer tax. The Appellate Division with some reluctance has so held. The decision recognizes the plaintiff's equities arising out of the circumstances stated above, but on grounds of public policy holds that the necessity of enforcing the tax statute overrides them. Balancing the several elements inherent in the case, we do not find public policy so exigent.

The tax upon transfers of stock and other corporate securities is imposed by section 270 of the Tax Law (Cons. Laws, ch. 60). The person making the sale or transfer is required to pay the tax and it is his duty to

procure, affix and cancel the stamps representing the amount thereof. To insure the payment of the tax certain sanctions are provided. Failure to pay is, by section 272, made a misdemeanor; and by section 277, a civil penalty of ten dollars a share, recoverable by the State, is imposed. Finally, section 278 provides that no transfer upon which the tax is not paid at the time of the transfer " shall be made the basis of any action or legal proceedings, nor shall proof thereof be offered or received in evidence in any court in this state."

Assuming for the moment that the transfer is the " basis " of this action, within the meaning of section 278, we are nevertheless of the opinion that the defendant may not, under the circumstances disclosed by the evidence, take advantage of the plaintiff's failure to pay the tax. The transfer was not void. By it the title to the stock was vested in the defendant. In the event of suit against him, he could waive the defense under section 278 by failing to plead it. (*Bean* v. *Flint*, 204 N. Y. 153.) That being so, he could waive it in any other way. Here the defendant, knowing of the failure of plaintiff to pay the tax, nevertheless paid the plaintiff subsequent to the transfer $75 on account of the note. He might very well be held thereby to have waived the statutory defense.

Whether there was a waiver or not, it would be against all conscience to permit the defendant to take advantage of the plight into which his own fraud has cast the plaintiff. Against the policy which demands enforcement of tax statutes may be weighed the policy which demands honest dealing between man and man and the prevention of bald fraud. Since the State has power to inflict severe penalties, both civil and criminal, for a violation of the statute, its enforcement will not be seriously affected by depriving a transferee of an optional defense when he has clearly forfeited his right to it by his own evil and misleading conduct. So far as any relevant

public policy is concerned, there is no distinction between waiver and estoppel.

Where a transferee waives the statutory defense, or is by his conduct precluded from asserting it, there seems to be nothing in the law which prevents him from paying the tax and affixing the stamps himself. While it is primarily the duty of the transferor to do so, a failure to perform that duty merely subjects him to the statutory penalties. An executed sale which passes a valid title to the stock, also confers the right to have it transferred on the corporate books, provided the tax is paid by somebody before that transfer is made. What the State is chiefly interested in is the payment of the tax. (*Matter of Borst*, 129 Misc. Rep. 424; affd., 222 App. Div. 707; affd., 248 N. Y. 556; compare Tax Law, § 272.) The defendant could have paid the tax as he agreed to do.

Since the defendant is precluded by his own acts from setting up the defense in question, it becomes unnecessary to determine whether the action here is or is not based upon the transfer. (Cf. *Matter of Wylly*, 210 Fed. Rep. 954.)

The judgment of the Appellate Division and the determination of the Appellate Term should be reversed and the judgment of the Municipal Court in plaintiff's favor affirmed, with costs to the appellant in the Appellate Term, the Appellate Division and in this court.

POUND, Ch. J., CRANE, LEHMAN, O'BRIEN and HUBBS, JJ., concur; KELLOGG, J., not voting.

Judgment accordingly.