THOMAS G. WYLIE, Appellant, *v.* LUCY M. C. ADDOMS
et al., as Executors of HENRY C. COPELAND, Deceased,
Respondents.

(Argued June 5, 1935; decided July 11, 1935.)

*William Roth* and *George D. Zahm* for appellant.
Section 278 of the Tax Law (Cons. Laws, ch. 60) is inap-
plicable in an action on a promissory note. (*Cooper* v.
*Gossett,* 143 Misc. Rep. 165; 237 App. Div. 700; 263 N. Y.
491; *Matter of Wylly,* 210 Fed. Rep. 954; *Bean* v. *Flint,* 138
App. Div. 846; *Crane* v. *Powell,* 139 N. Y. 379; *Ambrosius*
v. *Ambrosius,* 167 App. Div. 244; *People* v. *Levin,* 119
App. Div. 233; *People* v. *Hadden,* 3 Den. 220; *McManus*

v. *Gavin*, 77 N. Y. 36; *Barron* v. *People*, 1 N. Y. 386; *Saxe* v. *Peck*, 139 App. Div. 419.) Section 278 of the Tax Law is penal in its nature and hence is to be strictly construed. (*Rose* v. *N. Y. Tel. Co.*, 167 App. Div. 691; *Johnston* v. *Auburn & Syracuse Electric R. R. Co.*, 169 App. Div. 864; *Curtis* v. *Leavitt*, 15 N. Y. 9; *McCarthy* v. *International Ry. Co.*, 126 App. Div. 182.)

*Julian C. Harrison* for respondents. Section 278 of the Tax Law, when pleaded, prevents a recovery in an action upon contract where the consideration is a stock transfer on which no tax has been paid. (*Sheridan* v. *Tucker*, 145 App. Div. 145; *Phillips* v. *Grossman*, 76 Misc. Rep. 497; *Bean* v. *Flint*, 204 N. Y. 153.) The statute is applicable in actions upon notes as well as in actions upon simple contract, where the facts appear and are pleaded. (*Strong* v. *Sheffield*, 144 N. Y. 392; *Coral Gables, Inc.*, v. *Mayer*, 241 App. Div. 340; *Bay Parkway Nat. Bank* v. *Shalon*, 146 Misc. Rep. 431; *Hoffay* v. *Hershenstein*, 232 App. Div. 149; *Abrahamson* v. *Steele*, 176 App. Div. 865; *Bruyn* v. *Russell*, 52 Hun, 17; 60 Hun, 280; *Blanshan* v. *Russell*, 32 App. Div. 103; *Lincoln* v. *French*, 105 U. S. 614; *Matter of Matthews*, 143 App. Div. 562.)

CRANE, Ch. J. Section 278 of the Tax Law (Cons. Laws, ch. 60) provides as follows: " No transfer of certificates taxable under this article made after June first, nineteen hundred and five, on which a tax is imposed by this article, and which tax is not paid at the time of such transfer shall be made the basis of any action or legal proceedings, nor shall proof thereof be offered or received in evidence in any court in this state."

This action is brought on a negotiable piomissory note bearing date December 14, 1932, for $15,000, and interest, payable one year after date. The note was made by Henry C. Copeland, now deceased. The defendants are the personal representatives of the maker of the said

note. The note was given in payment for 3,000 shares of the common capital stock of Sodamat Corporation, which shares were sold by plaintiff to the said Henry C. Copeland. The note was exchanged for the shares of stock. The plaintiff on the trial testified that at the time of the delivery of the stock certificate to Copeland no transfer tax stamps were affixed thereto; and that the plaintiff paid no transfer tax, nor bought any transfer tax stamps which were affixed to any memorandum of sale. By the amended answer the defendants pleaded the violation of article 12 of the Tax Law. This defense, having been held good by the trial judge, he dismissed the complaint, directing that the plaintiff's exceptions be heard in the first instance in the Appellate Division before entry of judgment. The Appellate Division, by a divided court, has overruled the plaintiff's exceptions and given judgment for the defendants, sustaining the trial court's dismissal of the complaint.

We agree with the Appellate Division in this disposition of the case. This statute must have a reasonable interpretation, having in mind the object in view. Stock transfers are taxed, and the only way to reach or collect the tax is by selling stamps, which must be annexed to the certificates. To be effective there must be a penalty for failure to pay the tax. It is provided in section 278 of the Tax Law. No action or legal proceeding can be brought which is based upon the transfer of any untaxed certificates. An action to collect the price of stocks sold and delivered would thus be barred, provided the certificates were not stamped. Suit on a note given for the sales price in such a transaction is no different than a suit for the price, so far as the interpretation of this section is pertinent. Both the suit for the price and the suit on the note are *based* upon the transfer of stock; — no transfer, no recovery, either for the price or on the note. We think this is self-evident from the reading of the statute. True it is that there is a difference, a

material difference, in the method of proof in the two actions. In the latter the plaintiff merely has to introduce the note which, by section 50 of the Negotiable Instruments Law (Cons. Laws, ch. 38), proves itself. This, however, does not prevent the defendant from proving his alleged defense, that the consideration for the note, or the " basis " for the note, was the transfer of unstamped certificates.

*Bean* v. *Flint* (204 N. Y. 153) decided that in order to obtain the benefits of the statute the defendant must plead it. This the defendant failed to do in the *Bean* case. *Cooper* v. *Gossett* (263 N. Y. 491) held that the circumstances were such that the party was estopped from pleading the statute or, rather, that he could waive a statutory defense. *Matter of Wylly* (210 Fed. Rep. 954), relied upon by the appellant, was a bankruptcy proceeding wherein notes given for the purchase of stock were sought to be proved. Judge CHATFIELD of the District Court held that this tax statute of New York State forbade legal proceedings in State courts, but allowed the claims.

To restate our decision, it is that the plaintiff cannot maintain this action upon the promissory note given to secure the purchase price of stock when the certificate transferred has not been stamped, pursuant to sections 270 and 270-a of the Tax Law, provided, as here, that the defendants allege and prove these facts.

The judgment should be affirmed, with costs.

LEHMAN, O'BRIEN, HUBBS, CROUCH, LOUGHRAN and FINCH, JJ., concur.

Judgment affirmed.