JOSEPH COHEN, Plaintiff, *v.* DAVID A. MAHONEY and Others. Defendants.

Supreme Court, Special Term, New York County, January 13, 1936.

*Philip I. Schick* [*I. B. Leibson* of counsel], for the plaintiff.

*Norman S. Rein* [*Herman Katz* of counsel], for the defendants.

STEUER, J. The allegations of the complaint are confused by the pleader's insistence on imposing upon the facts the legal consequences he desires to result. The complaint alleges that plaintiff and the individual defendant agreed to go into business together and it does state that they termed their relationship a partnership. Simultaneously there came into being an entity, now a defendant, called Appellate Press, Inc., described in the complaint as an " organization * * * not sufficiently completed to form either a corporation *de jure* or a corporation *de facto*, * * * but nevertheless a distinct legal entity." These conclusory allegations do not properly allege anything, but succeeding paragraphs explain what the pleader referred to. The defendant referred to was properly created except that no duplicate of its certificate was filed in the county clerk's office, nor were there meetings held of its incorporators, directors or stockholders. The defendant did conduct business as a corporation. These facts establish at least a *de facto* corporate existence. It is then alleged that the stock of Appellate Press and a printing press were owned jointly by plaintiff and the individual defendant. This ownership is declared to be as partners, and it is further alleged that the business of Appellate Press was conducted by the alleged partners as a partnership. Then follow allegations of wrongdoing by the individual defendant, consisting of withdrawal of moneys from the corporation and a transaction by which the printing press was put in the possession of Appellate Law Printers, Inc., the other corporate defendant, alleged to be under the control of the individual defendant. The relief sought is an accounting.

No partnership is alleged. The ownership of property in common by two persons is not a partnership, no matter how they style themselves. Nor can a partnership exist in the joint management of a corporation. It is a not infrequent assertion that a partnership

exists under the guise of a corporation. This misconception persists despite positive adjudications to the contrary. Where the theory was advanced it was declared that the plaintiff sought " remedies to which he would be entitled under a 'partnership' or 'joint venture,' on the ground that the several copartners are engaged in partnership transactions through corporate forms." There is no principle of law which warrants this view, and hence the complaint fails to state a cause of action justifying an injunction. (*Boag* v. *Thompson*, 208 App. Div. 132, at p. 135.) The parties may regard themselves as partners (*Thomashefsky* v. *Edelstein*, 192 App. Div. 368), but once they adopt the corporate form and gain the right to the immunities that result they suffer the consequence of limited control and must seek their remedies through the corporation. (*Drucklieb* v. *Harris*, 209 N. Y. 211.) One is not permitted a mental reservation behind the corporate front which is presented to the public with which one deals.

The motion is granted to the extent of dismissing the complaint with leave to plaintiff to serve an amended complaint on or before January 23, 1936, on payment of ten dollars costs. Order signed.