MAX EPSTEIN and ISIDORE GREEN, Respondents, v. JOSEPH LEIBNER, HARRY GOODWIN, Appellants, and MAX HYMAN, Defendant.— In an action for a decree declaring that the incorporation of a partnership business be held for naught and that the true relations existing between plaintiffs and defendants are those of a copartnership, and for incidental relief, order denying motion of defendants-appellants to dismiss the complaint for insufficiency as to them, reversed on the law, with ten dollars costs and disbursements, and motion granted, with ten dollars costs. The substance of the alleged false and fraudulent statements made to the plaintiffs to induce them to incorporate a partnership business was that the partnership would be continued despite the creation of such corporation. These representations and their false or fraudulent nature are immaterial in the light of the fact that such an agreement is repugnant to public policy, and the plaintiffs knew, or should have known, that the creation of the corporation and the subsequent transfer to it of the assets and business of the previous partnership would result in a corporate status, to be observed and maintained for all purposes. The allegations of the complaint further show that despite the alleged existence of such representations, the corporate form was in fact adhered to after creation of the corporation and the business was conducted in that form at a profit for a period of six and one-half years. Other alleged representations made at the time of the merger of plaintiffs' business with that of the defendants in one partnership, and at the time the corporation was incorporated are not actionable, in that they are not representations of existing facts or even promissory representations. Appropriate remedy for the wrongs alleged to have been perpetrated by the appellants in the nature of the destruction and diversion of corporate assets and business, the pocketing of corporate moneys, and the realization of secret profits by an officer in violation of his trust might be obtained in an action by or on behalf of the corporation. (*Boag* v. *Thompson*, 208 App. Div. 132; *Brock* v. *Poor*, 216 N. Y. 387; *Cohen* v. *Mahoney*, 160 Misc. 196.) Lazansky, P. J., Hagarty, Carswell, Johnston and Close, JJ., concur.