FRANCIS J. FLANAGAN et al., as Executors of JOSEPH A. FLANAGAN, Deceased, et al., Appellants, v. JOHN J. FLANAGAN, Individually and as Administrator of the Estate of MARY E. FLANAGAN, Deceased, et al., Respondents.

MEMORANDUM BY THE COURT. Action for specific performance of a contract. The contract, made by two brothers, one of whom is deceased and the other a defendant, each the owner of twenty-nine shares of the sixty shares of outstanding corporate stock of Flankane Realty Corporation, the second defendant, in providing that certain designated property owned by that corporation should be, upon the occurrence of certain contingencies, distributed to one or the other of them, or their estates, in accordance with a certain allocation of each parcel, constituted an arrangement to deal with the property as if it were owned by them individually, or as partners or joint venturers. Such a contract is contrary to public policy and is unenforcible. (*Epstein* v. *Leibner*, 258 App.

Div. 1073, affd. 284 N. Y. 717; *Boag* v. *Thompson,* 208 App. Div. 132) and the court, of its own motion, may refuse to grant relief under an unenforcible contract. (*Attridge* v. *Pembroke,* 235 App. Div. 101.) In any event, neither the corporation nor the holders of the other two shares of stock (the wife of each brother), both of whom are now deceased, were parties to the contract.

Judgment dismissing the complaint and directing plaintiffs to account, modified on the law by striking out the second decretal paragraph thereof and by substituting in lieu thereof the following: " Ordered, Adjudged and Decreed that the purported agreement dated July 15, 1937, made between Joseph A. Flanagan, now deceased, and defendant John J. Flanagan, constituted an arrangement to deal with property belonging to a corporation, defendant Flankane Realty Corporation, as if it were owned by the said Joseph A. Flanagan and John J. Flanagan individually, or as partners, or as joint venturers, and, therefore, was contrary to public policy and is unenforcible." As so modified, the judgment is affirmed, with costs to respondents. Findings of fact and conclusions of law contained in the written decision, which is in the form of an opinion, inconsistent with the foregoing are reversed.

JOHNSTON, J. (dissenting). I dissent and vote to reverse the judgment and to grant specific performance to plaintiffs.

Flankane Realty Corporation was organized in December, 1924, to take title to certain parcels of real property owned by Joseph A. and John J. Flanagan, brothers. In 1925, and 1927, the properties were transferred by Joseph and John to the corporation, in return for which sixty shares of stock were issued: twenty-nine to Joseph and a like number to John, and one share each was issued to their respective wives. Ten years later and on July 15, 1937, Joseph and John, being the real directors and owners of all the stock — the wives being only nominal directors and nominal owners of the one share in their respective names — entered into a contract whereby it was agreed, among other things, that on the death of Joseph, John " will take all necessary steps " in order that certain parcels of property (including the three parcels involved in this litigation), together with all appurtenant rents, cash and bank accounts of the said properties, " shall be transferred, absolutely " to Joseph's estate. John's wife died in April, 1942, and since July, 1944, John has been the owner in his individual name of the share of stock formerly in his wife's name. In April, 1944, Joseph's wife died and in August, 1945, Joseph died.

In this action, commenced in March, 1946, the representatives of the estates of Joseph and his wife (the owners of half the outstanding stock of the corporation) sue John (the sole owner of the other half of the outstanding stock) and the corporation. In my opinion the complaint proceeds on two theories: (1) That, despite the written agreement of July 15, 1937, the three parcels in dispute were never really corporate property but were the individual property of Joseph; (2) if Joseph was not the individual owner of the three parcels in dispute, then by reason of the contract of July 15, 1937, John should be directed to perform specifically his agreement which, in effect, was so to vote as a director and stockholder of the corporation that, upon Joseph's death, the parcels in dispute, together with the appurtenant rents, cash and bank accounts of the properties be transferred by the corporation to Joseph's estate. The trial court found that the real estate involved was corporate property and was not owned by Joseph individually. I agree with the majority that that finding is in accord with the evidence. However, the trial court dismissed the complaint (insofar as the second theory was concerned) on the ground that the agreement by its terms expired two years after its making, and granted judgment to the

corporate defendant on its counterclaim, directing that plaintiffs account to the corporation for all income received from any of the properties owned by the corporation.

The majority holds that the contract, by its terms, continued in existence at least up to the time of Joseph's death. I agree with that conclusion. The majority also holds that the judgment should be modified and, as modified, affirmed because the contract is contrary to public policy and unenforcible. Defendants did not plead that the contract is invalid; neither did they urge below, nor do they contend here, that the contract is against public policy and unenforcible. While it is the rule that a contract, by which a corporation is organized for the purpose of using it merely as an agency or instrumentality or form in the conduct of a partnership or joint venture, may not be enforced, that rule has no application to the facts in the case at bar. If any such agreement was made between the parties when the corporation was organized in 1924, that agreement is not the basis of the present lawsuit. Moreover, the finding contained in the judgment appealed from, that the corporation "was and still is the sole and absolute owner" of the parcels in dispute destroys the very basis for the holding of the majority, to wit, that the corporation was merely a form in the conduct of the alleged partnership or joint venture. In any event, the only result of the rule invoked by the majority is to leave plaintiffs, seeking to secure rights *as* partners or *as* joint venturers, without remedy. However, their remedy either in an action by the corporation or as stockholders remains. In the case at bar, plaintiffs are not seeking to enforce rights as partners or as joint venturers. They seek to enforce a stockholders' and directors' agreement, which was made more than twelve years after the corporation was organized, by two brothers as the real owners of all the outstanding stock of the corporation and as the real directors of the corporation. The rule relied on by the majority has no application to such an action.

There is no proof that there are any creditors either of the corporation or of the individual brothers. Although specific performance may not be decreed against the corporation because it was not a party to the agreement, specific performance may be decreed against the individual defendant so to vote as a stockholder and director that the corporation convey the property involved to the plaintiffs. (*Clark* v. *Dodge,* 269 N. Y. 410, 415–416, and cases cited.) While it is true that the wives of. Joseph and John were not parties to the agreement, it is equally true they were not the real, but only the nominal, owners of the one share of stock registered in each of their respective names. Furthermore, the representative of the estate of Joseph's wife is a party plaintiff, and since July, 1944, John concededly and in his individual right owned absolutely the share of stock formerly owned by his wife. In addition, John is the sole surviving officer and director of the corporation and presently in complete charge of its affairs.

If the relief which I suggest be granted, the accounting ordered by the judgment appealed from must fall because the contract provides that Joseph's estate is to receive not only the properties but also the appurtenant rents, cash and bank accounts of the said properties. Moreover, the agreement specifically provides: " * * * all amounts paid by [the corporation] to the respective parties from time to time have been considered in the formulation of this agreement and the differences therein shall be ignored upon the distribution of the property * * * in accordance with the provisions of this agreement or any extension thereof."

In my opinion, modification of the judgment is not only unjust but is contrary to the terms of the agreement in that (1) it gives the individual defendant a half interest in property which, by the contract, he agreed should belong to his brother's estate; and (2) it directs plaintiffs to account for upwards of $50,000 which the individual defendant agreed should belong to his brother's estate.

Carswell, Acting P. J., Adel, Sneed and Wenzel, JJ., concur in Memorandum by the Court; Johnston, J., dissents, with opinion, and votes to reverse the judgment and to grant specific performance to plaintiffs.

Judgment accordingly. [See *post*, pp. 1008, 1016.]