STELLA FRUITMAN, as Executrix of JACK FRUITMAN, Deceased, Plaintiff, *v.* JACK H. BREGMAN, Defendant.

City Court of the City of New York, Special Term, Queens County, October 3, 1949.

*Alfred J. Loew* for defendant.

*Morrison & Peirez* for plaintiff.

CONROY, J. Upon the foregoing papers this motion by the defendant for leave to amend his answer is denied. Subdivision 3 of section 270 of the Tax Law, as amended by chapter 141 of the Laws of 1945, now provides it shall be the duty of the person or persons making or effectuating the sale of stock to pay the tax and includes the person to whom the sale is made. The defendant cannot avail himself of the defense that the plaintiff has not paid the tax when the law as it is now constituted imposes an equal liability for such payment upon him. In this case there is also the further question of waiver and estoppel.

In *Cooper* v. *Gossett* (263 N. Y. 491, 494) the court said: " The transfer was not void. By it the title to the stock was vested in the defendant. In the event of suit against him, he could waive the defense under section 278 by failing to plead it. (*Bean* v. *Flint,* 204 N. Y. 153.) That being so, he could waive it in any other way. Here the defendant, knowing of the failure of plaintiff to pay the tax, nevertheless paid the plaintiff subsequent to the transfer $75 on account of the note. He might very well be held thereby to have waived the statutory defense."

In the case at bar the defendant paid the plaintiff two of the notes given at the time of the alleged transfer. The claim of the defendant that he did not know that there were no stamps affixed to the stock until after the institution of this action is of no avail since the statute now imposes an equal duty upon him of paying the tax, and in the case relied on by the defendant (*Wylie* v. *Addoms,* 268 N. Y. 160), the court cites without disapproval the case of *Cooper* v. *Gossett* (*supra*).

Since the amendment of the Tax Law as above cited, Mr. Justice DICKSTEIN, in *Schlesinger* v. *Kasachkoff* (195. Misc. 448, 449), has stated: " There remains, therefore, the question raised by the defendant as to the applicability of the Tax Law, which is contained in defendant's answer as allegation numbered 5 and reads as follows: ' That at the time of the delivery of said shares of stock the plaintiff failed to procure, affix and cancel stamps and pay the tax provided for by Article 12 of the Tax Law.' The defendant considers this situation as a complete bar to plaintiff's cause of action. But defendant evidently overlooks the amendment to this section of the Tax Law passed in 1945, which imposed the duty to pay the transfer tax on the sale of stock *not* on the seller *exclusively* but equally on the seller as well as the purchaser (Tax Law, § 270, subd. 3). This must surely be the case where the purchaser did not even pay for the stock but delivered a note which was not paid and which defendant refuses to pay. Prior to 1945, it would nevertheless have been the plaintiff's duty to affix the transfer stamps and he is still obliged to do so if the defendant does not. But it would be most inequitable, under the circumstances disclosed in this case, to deprive the plaintiff of his right to obtain the payment of the note where the agreement does not impose on him this *exclusive* duty and the law makes both parties equally liable to comply therewith."

Since the court holds that this defense would not be available to the defendant herein, it follows that his motion to amend his

answer to include such a defense must be denied. The motion of the defendant for summary judgment as to the first cause of action is denied because there is a triable issue of fact which cannot be disposed of by motion. The motion for summary judgment as to the second cause of action is granted. In this cause the plaintiff pleads an agreement between two individuals, the corporation not being a party to the agreement, whereby it is alleged that the plaintiff agreed to and did transfer accounts receivable which were assets of the corporation to the defendant in return for certain payments which were to be made by him.

In *Flanagan* v. *Flanagan* (273 App. Div. 918) the Appellate Division of the Second Department, with one dissenting vote, held that in a case where a contract made by two brothers provided for certain designated property owned by a corporation should upon certain contingencies be distributed to one or the other, held that " Such a contract is contrary to public policy and is unenforcible. (*Epstein* v. *Leibner,* 258 App. Div. 1073, affd. 284 N. Y. 717; *Boag* v. *Thompson,* 208 App. Div. 132) and the court, of its own motion, may refuse to grant relief under an unenforcible contract. (*Attridge* v. *Pembroke,* 235 App. Div. 101.) " The contract alleged in the second cause of action under this ruling is against public policy and there can be no waiver of such defense in this cause by the defendant.