D. Ormonde Ritchie, J.
Plaintiffs move for an order (1) striking the first affirmative defense from the defendants’ answer pursuant to rule 109 of the Rules of Civil Practice; (2) striking the second affirmative defense therefrom pursuant to rule 104 of the Rules of Civil Practice; and (3) granting summary judgment pursuant to rule 113 of the Rules of Civil Practice.
*325 The action is one to recover on a series of promissory notes given by the defendants as part payment for the sale of certain certificates of stock in businesses in which the parties to this litigation were interested.
The motion under rule 109 — as a first affirmative defense the defendants have pleaded section 278 of the Tax Law as a complete bar to this action. In substance this section provides that no transfer of stock certificates upon which a tax is imposed by the Tax Law and which tax is not paid at the time of the transfer of such certificates shall be made the basis of any action or legal proceedings, nor, except in a proceeding affecting the payment of any estate tax, shall proof thereof be offered or received in evidence in any court in this State.
Concededly, the tax on the certificates was not paid at the time they were delivered to the escrow agent. However, it was paid to him after the instant action was commenced and prior to the service of the defendants’ answer.
Prior to the year 1945, section 270 of the Tax Law (L. 1943, ch. 83) made it the duty of the person or persons making or effectuating the sale or transfer of stock certificates to procure, affix and cancel the stamps and pay the tax provided for by the Tax Law. In the year 1945, subdivision 3 of this section was amended to make it the duty of the person or persons to whom the sale or transfer is made to pay the tax provided by the Tax Law as well as the person or persons making the sale or transfer (L. 1945, ch. 141).
It seems to me that this amendment completely nullifies the effect of section 278. To hold otherwise would tend to create situations whereby a transferee could, with full knowledge that the tax had not been paid by the transferrer, deliberately default in his obligations under a contract, thus forcing a transferrer to sue to enforce his rights and then assert this defense under section 278. To hold a defense good under such circumstances would completely disregard the statutory duty imposed upon the transferee. If such be sound law, then these statutes place a premium on sharp dealing. In the instant situation it would be grossly inequitable to allow these defendants to dodge their responsibility and at the same time enjoy the fruits of the contract between the parties, namely, the exclusive right to run the businesses and take the entire profits derived therefrom. Accordingly, the motion is granted.
The motion under rule 104 — a motion made under this rule must attack the answer as a whole and not any separate part thereof. Here, the motion seeks to strike the second affirmative defense only. The proper remedy is under rule 103 of the Buies *326 of Civil Practice. Accordingly, the motion is denied without prejudice to a renewal.
The motion under rule 113 — a close reading of all papers submitted on this motion indicates that there are questions of fact raised that can only be determined by the trial court. Accordingly, the motion is denied.