■ Harry A. Shaeffer, Respondent, v. Arthur R. Lerch, Appellant.— Judgment and order reversed on the law and facts and a new trial granted, with costs to the appellant to abide the event. Memorandum: The plaintiff has sued to recover money loaned to the defendant. The defense is that the money received from the plaintiff was not loaned but was in payment of the purchase price of certain shares of stock. The plaintiff in turn claims that the stock was issued to him and his daughter as collateral security for the alleged loan. The stock certificate was placed in evidence by the plaintiff. No tax stamps were affixed. In the charge to the jury, the court stated that the law required that tax stamps be affixed and since they were not so affixed, the alleged sale of the certificate could not be used as a defense despite proof showing that the transaction was in fact a sale. Following a request by the jury for additional instructions, the court charged in substance that the fact that there were no tax stamps attached to the certificate was conclusive against the defense of sale which, in effect, was a direction of a verdict for the plaintiff.

This of course was erroneous. Prior to 1945, section 270 of the Tax Law imposed the duty upon the seller to affix the stamps and pay the taxes. In 1945 the law was amended to extend this duty to the transferee as well as the transferor (L. 1945, ch. 141). This amendment effectively nullified the provisions of section 278 of the Tax Law which provides that no stock transfer can be made the basis of any action or legal proceeding nor can proof thereof be received in evidence if the tax is not paid at the time of the transfer. Since both parties were obliged to pay the tax, neither could take advantage of the other's failure (*Green* v. *Green*, 7 Misc 2d 324; *Fruitman* v. *Bregman*, 196 Misc. 362; *Schlesinger* v. *Kasachkoff*, 195 Misc. 448; *Matter of Olson*, 119 N. Y. S. 2d 207). The court refused to permit the defendant to introduce an invoice concerning the payment of the stock transfer taxes required by article 12 of the Tax Law. It was also error to refuse to receive this invoice in evidence. The jury could have construed it as showing payment of the taxes by the defendant. In any event, the absence of tax stamps could not bar the defendant from contesting the plaintiff's claim that there had been a loan to the defendant. The defendant was not seeking to enforce the sale in any way — he was simply resisting a claim of a loan which he asserted was false. That was the issue which should have been submitted to the jury. All concur, except Goldman, J., not participating. (Appeal from judgment and order of Niagara Trial Term for plaintiff in an action to recover amount due on a loan. The order denied a motion for a new trial.) Present — Williams, P. J., Bastow, Goldman, Halpern and Henry, JJ.