EDMUND R. MORRIS, Respondent, v. IRA B. TUTHILL, Impleaded, etc., Appellant.

72  575
d150  432

The facts that the assignor of a mortgage and his assignee acted in concert with a view unnecessarily to harass and oppress the mortgagor, and with intent to prevent payment, to the end that the equity of redemption might be foreclosed, and they become purchasers for less than the value, do not constitute a defense to an action to foreclose the mortgage.

So, also, the facts that the assignee took title from motives of malice, and solely with a view to bring an action, and that the assignor assigned from a like motive, and without consideration, furnish no defense and do not impeach plaintiff's title.

It is sufficient to sustain the action thattthe mortgage debt is due, has been transferred to and is owned by plaintiff; and the mortgagor can only arrest the action by paying or tendering, and bringing into court, the amount due.

(Argued February 12, 1878 ; decided February 19, 1878.)

APPEAL from order of the General Term of the Supreme Court, in the second judicial department, affirming an order of Special Term, striking out a part of the answer of defendant. Tuthill.

The action was brought to foreclose two mortgages executed by the defendant to one Woodhull, assigned by his administrators to plaintiff.

The first answer was demurred to ; demurrer sustained with leave to defendant to amend.   He served an amended answer, a portion of which was stricken out.   This portion alleged, in

substance, that before the assignment of the mortgages plaintiff entered into a fraudulent and corrupt conspiracy with various persons named, to prevent the defendant from raising money necessary to pay the mortgages, and to acquire the title to the mortgaged premises for half their value, by means of a forced sale of the said mortgaged premises for cash, to be paid down immediately, under a statutory foreclosure, and for that purpose they, without notice to this defendant, caused proceedings for the statutory foreclosure of the said two mortgages to be commenced; that, in order for defendant to raise the means to pay the mortgages, it was necessary that he should raise a large part of the money on the credit of the mortgaged premises; that defendant applied to the Southold Savings Bank to borrow the necessary amount, and it agreed to lend it, either on an assignment of the old mortgages, or on a new mortgage, if the title should be satisfactory; that defendant applied to the holder of the said mortgages for an assignment of them on receiving the amount due, and he agreed to assign; but the conspirators supplanted him, and by fraudulent and corrupt means procured the assignment to be made to the plaintiff, who, with intent to injure and defraud this defendant, afterwards kept himself, his residence and place of business unknown to defendant for more than two months, so that defendant was unable to get control of the mortgages, so as to raise the money upon them, that the said conspirators slandered the title of this defendant to the premises so that he could raise no money upon them; and the savings bank in consequence declined to loan any money to defendant on said premises; that at the time and place of sale advertised the plaintiff, attended by his agent, on whom the defendant served an injunction of this court, requiring him to sell the premises for ten per cent cash, and the balance in thirty days, and the said agent thereupon adjourned the sale.

*George Miller*, for appellant. The assignment of the mortgages having been procured, with intent to defraud, plain-

tiff cannot seek to compel the payment of the mortgages by virtue thereof. (*Nellis* v. *Clark*, 20 Wend., 37; 4 Hill, 424, 426; *Niver* v. *Best*, 10 Barb., 369; *Meech* v. *Stover*, 19 N. Y., 26, 28; L'd Mansfield, Cowp., 348; 1 Comyn on Con., 29; *Collins* v. *Blantorn*, 2 Wils., 341, 350; 2 Saund. Pl. & Ev. [ed., 1827], 576; *Simpson* v. *Bloss*, 7 Taunt., 246; *Ex parte Bell*, 1 M. & S., 751; *Bliss* v. *Matteson*, 52 Barb., 335, 348.)

*Rob't S. Green*, for respondent.

*Per Curiam.* The facts stated in the second answer of the appellant as amended, unexplained and uncontradicted, might justify the inference that the plaintiff and the former holders and owners of the mortgages in suit have acted in concert, with a view unnecessarily to harass and oppress the appellant, and with intent to prevent the payment of the amounts due upon the securities, to the end that the equity of redemption might be foreclosed, and they become the purchasers of the fee of the property for less than its value. But they do not tend to show that the mortgages have been satisfied or that the full amount claimed is not due thereon, or that the plaintiff is not the legal holder and owner, and entitled to maintain this action. The proceedings for the foreclosure by advertisement, and the means taken to obstruct and embarrass the appellant in his efforts to raise the money to redeem his property and prevent the sale, may be laid out of view, as these proceedings were discontinued.

The motives of the former owner of the mortgages in selling, or of the plaintiffs in buying them, are not material, and the appellant has no concern with the consideration of the assignment. It is sufficient that the mortgage debt is due, and has been transferred to and is now owned by the plaintiff. He may have bought it from motives of malice toward the defendant and solely with a view to sue upon them, and the former owner from a like motive may have transferred them without consideration, but this would not constitute a

defense to the action. The appellant can only arrest the action by paying the amount due, or tendering the same and bringing it into court. The facts stated do not constitute an equitable defense to the mortgages, or impeach the plaintiff's title.

The matters stated are wholly irrelevant, and the answer was properly stricken out.

The order must be affirmed.

All concur. .

Order affirmed.