BESSIE THOMASHEFSKY, Respondent, *v.* JOSEPH EDELSTEIN and Others, Appellants, Impleaded with JOSEPH BARONDESS and Others, Defendants.

First Department, June 11, 1920.

**Partnership — when corporation will not be treated as copartnership.**

While equity will disregard the form of a corporation in certain cases and treat the parties as copartners, that is only done where the interests of justice require and the facts warrant such action, and one of the parties cannot at will turn the relation of stockholders in a corporation into members of a copartnership.

Accordingly, where the plaintiff and defendant after discussing the advisability of forming a copartnership decided to and did organize a corporation and conducted the affairs of the concern in accordance with the law relating to corporations, the plaintiff cannot maintain a suit for dissolution and an accounting and the appointment of a receiver on the theory that the corporation was only a copartnership, but the orderly procedure for the dissolution of a corporation must be pursued.

APPEAL by the defendants, Joseph Edelstein and others, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 27th day of May, 1919, upon the decision of the court rendered after a trial at the New York Special Term.

*Samuel Seabury* of counsel [*Abraham H. Sarasohn*, attorney], for the appellant Joseph Edelstein.

*Abraham H. Sarasohn*, for the appellants Pauline Edelstein and Florence Edelstein.

*Francis M. Scott* of counsel [*Charles G. F. Wahle* with him on the brief; *Wahle & Kringel*, attorneys], for the respondent.

PAGE, J.:

The action is brought for the dissolution of an alleged copartnership and an accounting, and the appointment of a receiver. The plaintiff is an actress of some repute in the presentation of plays in " Yiddish." The defendant Pauline Edelstein had a lease on the People's Theatre, expiring on May 31, 1919, upon which a deposit of $8,000 had been made.

The defendant Joseph Edelstein proposed to the plaintiff that they should each pay to Pauline Edelstein $4,000 and form a copartnership, taking an assignment of the lease, and operating the theatre. They met for that purpose at the office of the attorney for Edelstein, and it was suggested that instead of forming a partnership, a corporation should be formed, and fifty per cent of the stock issued to each. The plaintiff sent for her lawyer, and after discussion an agreement was reached and a certificate of the People's Producing Company, Inc., that Joseph Edelstein's attorney had prepared for another purpose was produced, and the defendant corporation was organized under that name with a capital stock of $1,000. Each of the parties paid $4,000 and received fifty per cent of the stock (Joseph Edelstein's stock being issued to his daughter-in-law, Florence Edelstein). The $8,000 was paid over to Pauline Edelstein as security, and a sublease of the theatre was taken by the corporation.

The plaintiff was elected president, Joseph Edelstein was elected secretary and treasurer and Joseph Barondess was elected as a third director. All the affairs of the business were conducted by the corporation in accordance with the law relating to corporations. Over 800 checks were put in evidence signed " People's Producing Co., Inc., Bessie Thomashefsky, Pres., J. Edelstein, Treas." Meetings of the board of directors were held and dividends on the stock declared from time to time. The profits were thus paid out as dividends, and not as profits of partnership.

The plaintiff has brought this action on the theory that the parties were copartners and that the corporation was a mere empty shell or cloak thrown around their copartnership operations, and prays that the copartnership be dissolved, a receiver appointed and the People's Producing Co., Inc., be required to account for and deliver over to such receiver all the property in the possession or standing in the name of People's Producing Co., Inc., and for an accounting. An interlocutory judgment in accordance with the prayer of the complaint has been granted.

It is true as urged by the learned counsel for the respondent that equity will disregard the forms of a corporation in certain

cases and treat the parties as copartners, but that is only done where the interests of justice require and the facts warrant such action. This does not mean that one party can at will turn the relation of stockholders in a corporation into members of a copartnership. Where parties engaged in business have incorporated their business and are using the corporation as a cloak to accomplish some fraudulent purpose, a court of equity will disregard the corporate form and enforce the individual liability of copartners. In this case no fraud is alleged or proved.

The proof does not show that the parties ever entered into a copartnership. The feasibility of forming such a relation was discussed and they met at the attorney's office with that end in view, but instead of forming a copartnership the parties elected to transact their business under corporate forms with freedom from individual liability, and they did so.

The judgment in this case directs the transfer of all the property of the corporation to a receiver of the copartnership. There is no allegation that there are not creditors of the corporation whose rights would be jeopardized by such a procedure, nor is there any reason given nor is it shown, if cause exists for a dissolution of the corporation, why the orderly procedure under the statute for that purpose should not be followed.

The judgment should be reversed, with cost to appellants, and the complaint dismissed, with costs to the defendants. The findings inconsistent with this opinion will be reversed.

Submit order containing new findings upon notice.

CLARKE, P. J., LAUGHLIN, DOWLING and GREENBAUM, JJ., concur.

Judgment reversed, with costs, and complaint dismissed, with costs. Settle order on notice.