J. Louis Fleischer, Respondent, *v.* Sally W. Terker, Appellant, Impleaded with Another.

(Submitted March 21, 1932; decided April 26, 1932.)

*Jules R. Teitler, I. J. Ginsberg* and *N. J. Ginsberg* for appellant. Where there are denials in the answer of any material allegation of the complaint, a motion for judgment on the pleadings in favor of the plaintiff for the

relief demanded in the complaint cannot be granted. (*People* v. *McCumber*, 18 N. Y. 315; *Alexander* v. *Aronson*, 65 App. Div. 174.) The separate, special and distinct defense interposed is sufficient in law. (*Burk* v. *Stewig*, 21 Tex. 418; *Thayer* v. *Leggett*, 229 N. Y. 152; *Carpenter* v. *Carpenter*, 131 N. Y. 101; *Knolls* v. *Barnett*, 71 N. Y. 474; *Peck* v. *Peck*, 110 N. Y. 64.)

*George J. Rudnick* for respondent. The assignment of the mortgage to plaintiff did not add or detract from the rights of defendant-appellant. Plaintiff's motive in taking an assignment is wholly immaterial. It was the defendants' defaults that were the cause of the foreclosure and not the assignment of the mortgage to plaintiff. (*Morris* v. *Tuthill*, 72 N. Y. 575; *Hirschfield* v. *Craig*, 209 App. Div. 559; *Beardsley* v. *Kilmer*, 200 App. Div. 378; 236 N. Y. 80; *Carroll Building Corp.* v. *Greenberg Plumbing Supplies, Inc.*, 216 App. Div. 270.)

POUND, Ch. J. Plaintiff brings this action to foreclose a mortgage. The defendants are tenants in common of the mortgaged property. The answer of defendant-appellant contains denials and a defense consisting of new matter. The courts below have held that the denials on their face do not present a question of fact to be tried (Rules Civ. Prac. rule 112) and that the defense should be stricken out on the ground that it is insufficient in law on the face thereof. (Rules Civ. Prac., rule 109, subd. 6.) Judgment on the pleadings has been awarded to plaintiff pursuant to rule 112 of the Rules of Civil Practice.

The seventh paragraph of the complaint alleges that the defendants have failed to comply with the conditions of the bond and mortgage by omitting to make payments of installments of principal and interest thereon and that plaintiff has elected that the whole principal sum be immediately due and payable; and by omitting to pay water rates and assessments. The answer denies these

allegations. They are material to plaintiff's cause of action. The action could not be maintained without an allegation of defendants' default which is here met by a positive denial.

Were the denials on their face sufficient to present an issue for trial? Sham matter contained in a pleading — i. e., matter false in fact although good in form — may be stricken out under rule 103. If the entire answer is sham the court may treat the pleading as a nullity and give judgment accordingly under rule 104. The question which arises is when may a denial be stricken out as sham or when may an answer containing such a denial be treated as a nullity? Obviously no one can tell by inspection of the denial of a material allegation of the complaint whether it is interposed in good faith. The frivolous character of a pleading may be determined on inspection and it may be disregarded, but a denial, sufficient on its face, does not reveal its own worthlessness and may not be treated as a nullity. The question of its sufficiency may be determined only on the trial, unless a sham denial may be disposed of on motion. If it is to be disposed of on motion, its falsity must be determined by affidavits. Under the new rules, pleadings are taken at their real value to be ascertained before trial by affidavits on motion if necessary. No affidavits were read on this motion. It was improper to ignore the denial.

Some confusion has arisen in adjusting the new practice to the old. Under the old practice (Code Civ. Pro. § 538) it had been held that no denial may be considered as struck out as sham. (*Wayland* v. *Tysen*, 45 N. Y. 281; *General Investment Co.* v. *Interborough R. T. Co.*, 235 N. Y. 133, 137; *Rochkind* v. *Perlman*, 123 App. Div. 808.) The reason given was that the party pleading a general denial was entitled to a trial by jury and could not be deprived thereof on a motion to strike out his denials as sham on affidavits. It has been held that under the new practice affidavits should not be used on a

motion under rule 104 to treat any sham pleading as a nullity and for judgment accordingly. (*Monica Realty Corp.* v. *Bleecker*, 229 App. Div. 184, 186.) Under rule 112 a party is not entitled to judgment on the pleadings if on their face an issue remains to be tried. Under rule 103 any matter contained in a pleading, whether sham, frivolous, redundant, repetitious, unnecessary, impertinent or scandalous, or tending to prejudice, embarrass or delay the fair trial of the action, may be stricken out on motion before trial.

In the words of CROUCH, J., in *King Motor Sales Corp.* v. *Allen* (209 App. Div. 281, 282): " It was no doubt the object of the Civil Practice Act and Rules of Civil Practice * * * to simplify the issues to be tried by eliminating before trial defenses without merit. Express authority to that end is given *not only where the defect appears upon the face of the pleading, but also where it does not and where affidavits may be used.*" If the rules are followed, the practice may be simplified, technicalities and delays avoided, but parties must still be given their day in court when they present substantial denials or defenses either in form or in substance.

It does not follow that a general denial may be stricken out as sham on affidavits. (Cf. *Hanna* v. *Mitchell*, 202 App. Div. 504, 514; affd., 235 N. Y. 534.) Without passing on that point we hold that general denials may not be disregarded as sham on mere inspection as was done in this case.

The answer sets up a separate defense. Appellant Terker alleges that she and the defendant Runes acquired title to the property as tenants in common, and that they executed the mortgage in question; that it became due and the balance was extended for a period of three years; that she (appellant) has paid her proportionate share of the installment of principal and interest due. She then alleges that plaintiff procured the assignment of the mortgage to him as the nominee, designee and appointee

of the co-owner of the property, the defendant Reba Runes, and for her benefit and that defendant Runes had willfully caused a default in the payment of the sums due, in order that she might defraud the defendant Terker out of her equity in the property. This answer has been stricken out as insufficient in law on its face. (Rule 109, subd. 6.)

On its face, this is an allegation that one co-tenant has instigated a foreclosure so as to obtain the property for herself (*Peck* v. *Peck*, 110 N. Y. 64, 75; *Thayer* v. *Leggett*, 229 N. Y. 152, 158), and that plaintiff is an active participant in the scheme. In form it is sufficient as a defense. Each tenant in common is bound not to make any assault, direct or indirect, upon the interest of his co-tenant. (*Meinhard* v. *Salmon*, 249 N. Y. 458.) While the holder of a mortgage may assign it with malice and for the express purpose of wiping out the equity of the owner of the land on a mortgage foreclosure (*Morris* v. *Tuthill*, 72 N. Y. 575), this rule has never been applied where one co-tenant inspired a foreclosure action by a dummy to prejudice the rights of the other.

The judgments should be reversed, with costs in all courts, and the motion to strike out the affirmative defense and for judgment on the pleadings denied, with ten dollars costs.

CRANE, LEHMAN, O'BRIEN and HUBBS, JJ., concur; KELLOGG, J., not sitting.

Judgment accordingly.