MAFLO HOLDING CORP., Appellant, *v.* S. J. BLUME, INC., Respondent.

Argued April 12, 1955; decided June 9, 1955.

*Harry Lesser* and *Samuel Lesser* for appellant. I. Neither the allegations of the complaint in the former action for an injunction nor the provisions of the judgment entered therein

in anywise show that the issues tendered in the present action were determined in the prior action. II. This court may take judicial notice of the proceedings in the prior action. (*Devine v. Melton,* 170 App. Div. 280; *Slater v. Slater,* 208 App. Div. 567.) III. To sustain a plea of *res judicata,* the second action must be essentially the same as the first action and it must be shown that the issue in question was there determined. (*Lynch v. Bailey,* 198 Misc. 685, 279 App. Div. 650, 304 N. Y. 669; *Walsh v. Judge,* 223 App. Div. 423; *Schuylkill Fuel Corp. v. Nieberg Realty Corp.,* 250 N. Y. 304; *Stannard v. Hubbell,* 123 N. Y. 520; *Reynold v. Ætna Life Ins. Co.,* 160 N. Y. 635; *Griffen v. Keese,* 187 N. Y. 454.) IV. Attorneys' fees are a proper item of damage if the agreement between the parties so provides. (*Mohr v. Weinstein,* 218 App. Div. 234.) V. When a party to a contract is prevented from performing his contract by the other contracting party, he is entitled as a matter of law to recover his damage. (*J. Harry McNally, Inc., v. State of New York,* 170 Misc. 914; *Satta v. City of New York,* 272 App. Div. 782.)

*Jacob W. Friedman* for respondent. I. The claim for damages which is the basis of the present action was included in the prior action, so that the first judgment constitutes a bar. II. A decree granting an injunction but not awarding damages is *res judicata* in a separate action for damages in relation to the matter concerning which the injunction was asked in the first suit. (*Schmidt v. Weyell,* 60 Misc. 370; *Sklarsky v. Great Atlantic & Pacific Tea Co.,* 47 F. 2d 662; *Orloff v. Hollywood Turf Club,* 110 Cal. App. 2d 340; *Crawford v. Baker,* 86 Ga. App. 855; *Bayer v. Bloch,* 246 Ill. App. 416; *State ex rel. Hitchcock v. Farris,* 197 Ind. 128; *Holbrook v. Griffis,* 127 Iowa 505; *Crider v. Melvin,* 235 Ky. 523; *Gilbert v. Boak Fish Co.,* 86 Minn. 365; *Currier v. Perry,* 181 Wash. 565; *Lynch v. Bailey,* 198 Misc. 685, 279 App. Div. 650, 304 N. Y. 669.)

BURKE, J. The complaint states two causes of action, one for damages and the other for additional rent. In the first the plaintiff charges that the defendant by refusing to permit access pursuant to a provision of a lease, which provided that the defendant as tenant would afford the plaintiff as landlord and its contractor every facility to enter upon the premises, caused the plaintiff to suffer substantial damages. In the second cause of

action the plaintiff charges that the defendant in violation of the provisions of paragraph 24th of the lease refused to pay as additional rents certain expenses and attorneys' fees. By paragraph " 24 " the defendant agreed that " If Landlord at any time is compelled to pay or elects to pay any sum of money * * * by reason of the failure of Tenant to comply with any provision hereof, or, if Landlord be compelled to incur any expense including reasonable attorney's fees in instituting * * * any action * * * by reason of any default of Tenant hereunder, the sum or sums so paid by Landlord with all interest, costs and damages, shall be deemed to be additional rent hereunder and shall be due from Tenant to Landlord on the first day of the month following the incurring of such respective expenses."

The motion of the defendant to dismiss the complaint pursuant to rule 113 of the Rules of Civil Practice on the ground that there is in existence a prior final judgment adjudicating the same issues was granted. The plaintiff's cross motion for summary judgment, pursuant to section 117 of the Civil Practice Act, was denied. The Appellate Division affirmed. The question is whether the first judgment bars both causes of action set forth in the present complaint.

The plaintiff owns a tenant factory building, in which the defendant operates a store for the manufacture and sale of artificial flowers. In 1948 the department of housing and buildings filed a violation against the premises under section 271 of the Labor Law on the ground that the cellar and subcellar were not provided with two separate means of egress to the street. The defendant used the cellar as factory space and the subcellar as storage space. On March 27, 1952, the plaintiff and defendant entered into a new lease of the store and basement for a period in excess of ten years. Under paragraph 38 of the lease the existence of the violation was made known to the tenant with the information that plans to perform the necessary work had been approved by the department of housing and buildings. The lease further recited the work to be done and the method by which it was to be done, setting forth approximately how much space would be taken from the defendant's premises by the repairs. The lease further stated that the " tenant * * * agrees to afford the Landlord and its

contractor every facility to enter upon the premises to perform said work ". The plaintiff made several attempts to begin the work but was prevented from doing so by the defendant. Plaintiff then instituted an action in the Supreme Court for damages and a mandatory injunction to direct the defendant to afford access to the store and cellar and to restrain it from interfering with the construction work necessary to comply with the violation. The plaintiff pleaded in that action its inability to state the exact amount of damages and refrained from offering proof as to damages.

An injunction *pendente lite* was granted by Special Term and upon appeal was affirmed by the Appellate Division. The defendant persisted in its refusal to permit the construction work in spite of the temporary injunction, whereupon plaintiff moved to have the defendant and its officers adjudged in contempt of court. The motion was granted and the defendants were fined $250 each. Subsequently, after a trial on the merits, judgment was granted permanently enjoining the defendant from interfering with the plaintiff and its contractor in the performance of the necessary construction work required to remove the violation. The plaintiff's request for an additional allowance and costs was denied. No appeal was taken from this judgment.

Thereafter, plaintiff commenced the present action. The answer set forth an affirmative defense to both causes of action on the ground that the matters alleged in the complaint by reason of a prior judgment now are *res judicata.*

The two causes of action involved different " rights " and " wrongs ". The first cause of action is based on the failure to allow access to the premises. It is the same cause of action which has been litigated on the merits to a final adjudication. Therefore, it is final as to all things which might have been litigated as well as those actually litigated. (*Schuylkill Fuel Corp.* v. *Nieberg Realty Corp.,* 250 N. Y. 304.) The plaintiff is precluded from suing for damages upon the first cause of action of the complaint herein. In *Inderlied* v. *Whaley* (85 Hun 63, affd. 156 N. Y. 658), it was held that since a plaintiff could have demanded damages in the injunction action and did not do so, he was precluded from suing for them in a later action. This is the rule in this State. (*Hahl* v. *Sugo,*

169 N. Y. 109; *Schmidt* v. *Weyell*, 60 Misc. 370.) In New York there is only one form of civil action. The distinction between actions at law and suits in equity and the forms of those actions and suits have been abolished. (Civ. Prac. Act, § 8.) Therefore, the merger of legal and equitable remedies compels a plaintiff to seek in the equity proceeding whatever damages he may be entitled to and, if he made no demand for damages or failed to introduce proof as to damages, he is precluded from thereafter maintaining an action at law to recover damages. The appellant claims that the case of *Lynch* v. *Bailey* (304 N. Y. 669, affg. 279 App. Div. 650) has modified the rule. Such is not the fact. The Appellate Division was careful to point out that special rules apply to the preclusive effect of declaratory judgment proceedings, as a court may in its discretion refuse to award all the relief sought and relegate the parties to an independent action for such other relief. Here, the evidence needed to sustain the first cause of action in its second action would have sustained the first action and the violation was a " ' violation of but one right by a single legal wrong ' ". (*De Coss* v. *Turner & Blanchard*, 267 N. Y. 207, 211.) The final judgment in the prior injunction suit now bars the subsequent suit based on the first cause of action in the complaint herein.

As to the second cause of action. The second cause of action arises out of the breach of a separate and distinct " right " — the right to assess as additional rent expenses and attorney's fees incurred as a result of the tenant's failure to comply with provisions of the lease. The right supporting the second cause of action did not accrue until after the termination of the suit for an injunction and the completion of the alterations necessary to remove the municipal violation. The extent of the damages comprising the claim for additional rent could not be ascertained earlier. The cause of action is founded on the refusal of the tenant to pay the additional rent. This court has held that no suit can be brought for future rent in the absence of a clause permitting acceleration. (*McCready* v. *Lindenborn*, 172 N. Y. 400; 5 Williston on Contracts [Rev. ed.], §§ 1329, 1403.) Consequently, the plaintiff could not have sued for additional future rent in the prior action. Since then, the additional rent came due. It follows that an action to recover such rent is not barred by the judgment in the previous action. (*Smith* v. *Kirkpatrick*,

305 N. Y. 66.)  Although the evidence, which proves the breach of the lease as to failure to allow access, would be the same in both causes of action, evidence of the defendant's refusal to pay the additional rent provided for by the lease would demonstrate that there was a violation of two rights by two distinct legal wrongs.  In the second cause of action the covenant of right of access and the breach thereof is subsidiary to the right to assess the expenses and attorney's fees as additional rent and the violation of the latter right did not occur and could not occur until the determination and enforcement of the right of access.  The plaintiff properly pleaded in the first action its inability to state the exact amount of damages.  The plaintiff likewise properly refrained from adducing proof as to the damages because the lease provided a method and means for the collection of the expenses incurred in enforcing the right of access.  The request for an additional allowance and costs does not bear upon the issue of expenses as defined in the lease.  The application for the allowance and costs was made pursuant to provisions of section 1513 of the Civil Practice Act and rule 200 of the Rules of Civil Practice and such allowances and costs are not a part of or related to the cause of action itself.  We conclude that the affirmative defense that the judgment in the prior action acts as a bar to the present action is sufficient to defeat the first cause of action, but is inadequate as a defense to the second cause of action.

Since it appears that the defendant's motion for summary judgment seeking dismissal may be granted as to only one cause of action (Rules Civ. Prac., rule 114), the judgment of the Appellate Division should be affirmed to the extent that it dismisses the first cause of action set forth in the complaint and denies plaintiff's motion for summary judgment, and reversed as to that part of the judgment which dismisses the second cause of action.  The first cause of action should be severed.

The judgment of the Appellate Division should be modified, and, as so modified, affirmed, and the case remitted to Special Term for further proceedings in accordance with the opinion herein.

CONWAY, Ch. J., DESMOND, DYE, FULD, FROESSEL and VAN VOORHIS, JJ., concur.

Judgment accordingly.