3 N.Y.2d 444 (1957)
Norman J. Weisman et al., Appellants,
v.
Awnair Corporation of America et al., Respondents.
Court of Appeals of the State of New York.
Argued April 5, 1957.
Decided July 3, 1957.
Osmond K. Fraenkel and Harold Epstein for appellants.
Sidney Orenstein for respondents.
DYE, FROESSEL, VAN VOORHIS and BURKE, JJ., concur with CONWAY, Ch. J.; FULD, J., concurs upon the second ground stated in the opinion; DESMOND, J., dissents in a separate opinion.
*445 CONWAY, Ch. J.
Plaintiffs appeal to this court from a judgment, entered upon an amended order of the Appellate Division, Second Department, which (1) reversed an order of the Supreme Court, Nassau County, denying a motion under rule 106 (subd. 4) of the Rules of Civil Practice to dismiss the complaint upon the ground that it does not state facts sufficient to constitute a cause of action, and (2) dismissed the complaint.
The complaint reads as follows:
"FIRST: Plaintiff Awnair Inc. is a corporation organized and existing under the laws of the State of New York.
"SECOND: On information and belief, defendant Awnair Corporation of America is a corporation organized and existing *446 under the laws of the State of New Jersey, and doing business in the State of New York.
"THIRD: On information and belief, defendant Arrow-Awnair Inc. is a corporation organized and existing under the laws of the State of New Jersey and doing business in the State of New York.
"FOURTH: On information and belief, defendant Awnair Corporation of America is the owner of certain letters patent, trade names and trade-marks relating to the manufacture and distribution of awnings and accessories.
"FIFTH: On information and belief, defendant Arrow-Awnair Inc. is a wholly owned subsidiary of defendant Awnair Corporation of America.
"SIXTH: On information and belief, defendant Mark Mitchell is an officer, director and stockholder of defendant corporations.
"SEVENTH: On information and belief, defendant Al Levine is an officer, director and stockholder of defendant corporations.
"EIGHTH: On or about the 1st day of April, 1954 plaintiff Weisman and defendants entered into an agreement and joint venture for the purpose of selling, distributing, merchandising and exploiting the products of defendant Awnair Corporation of America in the territories of Nassau, Suffolk, Queens and Kings Counties in the State of New York through a corporation to be organized by Weisman under the laws of the State of New York; that forty (40%) percent of the common stock of said corporation was to be issued to the defendants Mitchell and Levine or their nominees, and the balance to Weisman and/or his nominees; that the corporation when organized was to have the exclusive distribution of the products of the defendant Awnair Corporation of America in the aforesaid territories.
"NINTH: Thereafter and in reliance upon such agreement, plaintiff Weisman caused plaintiff corporation Awnair Inc. to be organized under the laws of the State of New York and commenced extensive and exhaustive advertising, selling, distributing and merchandising of the said products of defendant Awnair Corporation of America, expending large sums of money in such activities.
"TENTH: The stock of said plaintiff Awnair Inc. has never actually been issued but plaintiff Weisman has at all times been ready, able and willing to issue forty (40%) percent of the stock of said corporation to defendants Mitchell and Levine *447 or to their nominees upon their advising him to whom they wanted said stock issued.
"ELEVENTH: Continuously thereafter plaintiff Weisman and plaintiff Awnair Inc. have devoted their best efforts to the distribution and exploitation of the products of defendant Awnair Corporation of America, and have faithfully performed all of the provisions of said joint venture on their part to be performed except, as hereinabove stated, as to the issuance of said shares of stock, and as to that plaintiff Weisman is ready, willing and able to issue said stock as soon as he is informed how to do so.
"TWELFTH: On or about October 8, 1955 defendant Awnair Corporation of America notified plaintiffs that it would not permit plaintiffs to continue the distribution and exploitation of its products subsequent to November 30, 1955, but that after that date defendant Mitchell would operate as distributor instead of plaintiff in the territories hereinabove referred to in paragraph Eighth hereof.
"THIRTEENTH: Upon information and belief, subsequent to November 30, 1955 defendants Mitchell and Arrow-Awnair Inc. have purported to act as distributors of the products of Awnair Corporation of America in the aforesaid territories and have refused to accept orders taken by plaintiffs subsequent to November 30, 1955.
"FOURTEENTH: Defendants, despite demand by plaintiffs to discontinue such actions, are continuing to distribute and exploit the products of defendant Awnair Corporation of America to the exclusion of the plaintiffs in the aforesaid territories and have refused despite demand therefor to account to the plaintiffs for the transactions now being conducted by the defendants, all in violation of the rights of the plaintiffs in said joint venture.
"FIFTEENTH: Plaintiffs have no adequate remedy at law.
"WHEREFORE, plaintiffs demand judgment permanently to restraining defendants and each of them from continuing to distribute or exploit any of the products of defendant Awnair Corporation of America in the territories of Kings, Queens, Nassau and Suffolk Counties, State of New York, except through plaintiffs and pursuant to the joint venture agreement hereinabove set forth, and that pending the trial and determination of this action defendants be temporarily restrained from such activities; and that defendants and each of them account to *448 plaintiffs for any profits made by them arising out of the distribution or exploitation of the products of defendant Awnair Corporation of America in the territories of Kings, Queens, Nassau and Suffolk Counties, State of New York, since November 30, 1955."
It will be noted that the complaint is framed in equity and that the plaintiffs rely upon the facts pleaded as stating an equitable cause of action for an injunction and an accounting. While the "distinction between actions at law and suits in equity and forms of those actions and suits have been abolished" (Maflo Holding Corp. v. S. J. Blume, Inc., 308 N.Y. 570, 575; Civ. Prac. Act, § 8) and the plaintiff could have sought both legal and equitable relief in this action because of the merger of law and equity, no demand for damages has been made or is sought by plaintiffs and plaintiffs make no claim whatever that the complaint states a cause of action of law for damages (see Maflo Holding Corp. v. S. J. Blume, Inc., supra). Therefore, all we must determine is whether plaintiffs' complaint states facts sufficient to constitute a cause of action in equity for an injunction and accounting (see Terner v. Glickstein & Terner, 283 N.Y. 299, 301; Doyle v. Allstate Ins. Co., 1 N Y 2d 439, 442; Merry Realty Co. v. Shamokin & Hollis Real Estate Co., 230 N.Y. 316, 324; Jackson v. Strong, 222 N.Y. 149, 153-154; Bradley v. Aldrich, 40 N.Y. 504, 511).
The plaintiffs' contention is that the exploitation and distribution of the products was pleaded to be the subject of a joint venture, and that, therefore, the fiduciary relationship which exists between joint venturers precludes the defendants from continuing themselves these activities to the exclusion of plaintiffs and entitles plaintiffs to an injunction and an accounting. In our judgment that argument is untenable.
The portion of the complaint which sets forth the agreement of the parties is vague, indefinite and conclusory. It contains only bare legal conclusions that a joint venture was entered into by the individual plaintiff and defendants. Thus, it alleges that "Weisman and defendants entered into an agreement and joint venture". The complaint further asserts that the distribution and exploitation of the products  the claimed subject of the joint venture  was to be accomplished solely by and through the corporate plaintiff, which is not alleged to have been a party to the agreement pleaded for the obvious reason *449 that it was not in existence at the time the contract pleaded was entered into. Plaintiffs urge that the terms of the joint venture were stated in the complaint, namely, that plaintiffs were to receive 60% of the profits and the individual defendants, or their nominees, 40%. This statement cannot be accepted as quite accurate for the complaint does not state that the corporate plaintiff is to receive anything. The allegation contained in the complaint is that the individual defendants, or their nominees, were to receive 40% of the common stock of the corporation to be formed and the plaintiff Weisman and/or his nominees were to receive the balance of the stock. This makes it clear that the joint venture which the plaintiffs are straining to construct is really contemplated by them to have been among three individuals, Weisman, Mitchell and Levine, and what is pleaded is an agreement between plaintiff Weisman and the individual defendants to conduct a business enterprise as joint venturers through the instrumentality of a corporation presenting itself to the world as the responsible entity. This they may not do for the rule is well settled that a joint venture may not be carried on by individuals through a corporate form. (See Brock v. Poor, 216 N.Y. 387, 401-410; Crespi v. Crespi, 238 App. Div. 794; Seigel v. Liebowitz, 230 App. Div. 736; Berger v. Eichler, 211 App. Div. 479, 482-485; Boag v. Thompson, 208 App. Div. 132, 135-136; Thomashefsky v. Edelstein, 192 App. Div. 368, 369-370; Jackson v. Hooper, 76 N. J. Eq. 592, 598-599.) The two forms of business are mutually exclusive, each governed by a separate body of law. When parties "adopt the corporate form, with the corporate shield extended over them to protect them against personal liability, they cease to be partners and have only the rights, duties and obligations of stockholders. They cannot be partners inter sese and a corporation as to the rest of the world." (Jackson v. Hooper, supra, pp. 598-599.)
This is not to say, of course, that plaintiff Weisman could not have entered into an agreement of joint venture with the defendants or that corporations may not be parties to a joint venture agreement. Neither do we say that individuals agreeing to go into business together jointly cannot decide to conduct the business through a corporation. What we do declare is that when individuals do determine to conduct business through a corporation, as is here alleged, they are not at one and the same time joint venturers and stockholders, fiduciaries and nonfiduciaries, personally liable and not personally liable.
*450 No significance may be attached to the fact that one of the parties plaintiff is the corporation organized by plaintiff Weisman to effectuate the alleged agreement, since its presence in the action in no way alters the fact that the alleged agreement of joint venture was made between the individual plaintiff and the individual defendants to carry on their business enterprise through the corporate form.
Inasmuch as it is not possible for individuals to carry on a joint venture through the instrumentality of a corporation, no confidential or fiduciary relationship can be said to exist between the parties and the equitable relief of an accounting is not available to plaintiffs.
Assuming, arguendo, that a valid contract of joint venture is pleaded, there is an additional reason for holding that plaintiffs are not entitled to the equitable relief sought, viz., that the alleged agreement contains no term of duration and, therefore, was terminable at the will of either party. On October 8, 1955 defendant Awnair Corporation of America notified plaintiffs that it would not permit plaintiffs to continue the distribution and exploitation of its products subsequent to November 30, 1955. The accounting sought is for profits "arising out of the distribution or exploitation of the products of defendant Awnair Corporation of America * * * since November 30, 1955." There is no claim made by plaintiffs for expenditures made by them between the date the plaintiff corporation was organized and commenced doing business and the date the defendant Awnair Corporation of America terminated plaintiffs' right to continue distributing its products, namely, November 30, 1955, or for an accounting during that period. The action, as we have said, is not for money damages for breach of contract and the plaintiffs do not claim that their right to continue to distribute the products could be terminated only on reasonable notice (cf. Allied Equipment Co. v. Weber Engineered Prods., 237 F.2d 879; Jack's Cookie Co. v. Brooks, 227 F.2d 935, cert. denied 351 U. S. 908; Suslak v. Rokeach & Sons, 269 App. Div. 779, affd. 295 N.Y. 799). Their position is that the defendants may not terminate at all if they intend to continue themselves the exploitation of their products to the exclusion of plaintiffs. This duty they assert arises out of the fiduciary relationship among joint venturers, and it is for the breach of this fiduciary obligation that they seek an accounting *451 of profits as well as an injunction. However, we do not reach that question here since they have failed to plead facts sufficient to give rise to such a relationship.
The judgment dismissing the complaint should be affirmed, with costs.
DESMOND, J. (dissenting).
Awnair, Inc., the corporation formed by these alleged joint venturers, is itself a party plaintiff here. Therefore, Brock v. Poor (216 N.Y. 387), Crespi v. Crespi (238 App. Div. 794), Seigel v. Liebowitz (230 App. Div. 736) and other cases cited by Chief Judge CONWAY have no bearing. Those decisions state the familiar rule that when one puts his interests into a corporation he cannot thereafter enforce the corporation's claims or deal with its property as if he were a sole owner or a partner. But here Weisman individually and the local distributor corporation Awnair Inc. are both parties plaintiff, and the manufacturing corporation Awnair, the local distributorship corporation Arrow-Awnair Inc., set up by the individual defendants, and the individual defendants themselves are all parties. Thus there are before the court all possible interests and the situation is not one like Thomashefsky v. Edelstein (192 App. Div. 368), cited by Chief Judge CONWAY, where a plaintiff sues individually alleging that the corporation is a mere shell, etc. Incidentally, no such reason for dismissal of the complaint was mentioned by either court below.
The substance of the complaint is this: that plaintiff Weisman on one hand and defendants Mitchell and Levine on the other agreed that the three men would enter into the business of distributing in certain New York counties the products of defendant Awnair Corporation of America, that this was to be done through a corporation to be formed in which the three individuals would hold stock, that plaintiff corporation Awnair Inc. was accordingly so formed but that defendants Mitchell and Levine refused to go on with the project or to accept their stock but instead formed the new corporation Arrow-Awnair Inc. and caused the local distributorship to be given to that local corporation and refused otherwise to carry out the agreements of the individual parties. I do not see why that does not state a cause of action. King v. Barnes (109 N.Y. 267) is adequate authority for this complaint's sufficiency.
*452 We are asked to hold here that individuals agreeing to go into business together and to carry out that business through a corporation cannot enforce such an agreement. Not only is there nothing illegal about such a plan but I venture to say it is one of the commonest of modern day business arrangements.
As to there being no term fixed for the duration of the joint venture, the relationship is then a continuing one, the obligations of which run on until the purpose is accomplished, even after formal dissolution of the venture (see Meinhard v. Salmon, 249 N.Y. 458, 471; 30 Am. Jur., Joint Adventures, § 44, p. 701). Even if defendants had the right to terminate at will the joint venture, "equity is available to place the parties * * * in the legal position they would have occupied if the repudiated agreement had been performed" (Monclova v. Arnett, 3 N Y 2d 33, 36 [May 23, 1957]).
The judgment should be reversed and the motion to dismiss the complaint denied, with costs.
Judgment affirmed.