Desmond, J. (dissenting).
Awnair, Inc., the corporation formed by these alleged joint venturers, is itself a party plaintiff here. Therefore, Brock v. Poor (216 N. Y. 387), Crespi v. Crespi (238 App. Div. 794), Seigel v. Liebowitz (230 App. Div. 736) and other cases cited by Chief Judge Conway have no bearing. Those decisions state the familiar rule that when one puts his interests into a corporation he cannot thereafter enforce the corporation’s claims or deal with its property as if he were a sole owner or a partner. But here Weisman individually and the local distributor corporation Awnair Inc. are both parties plaintiff, and the manufacturing corporation Awnair, the local distributorship corporation Arrow-Awnair Inc., set up by the individual defendants, and the individual defendants themselves are all parties. Thus there are before the court all possible interests and the situation is not one like Thomashefsky v. Edelstein (192 App. Div. 368), cited by Chief Judge Conway, where a plaintiff sues individually alleging that the corporation is a mere shell, etc. Incidentally, no such reason for dismissal of the complaint was mentioned by either court below.
The substance of the complaint is this: that plaintiff Weisman on one hand and defendants Mitchell and Levine on the other agreed that the three men would enter into the business of distributing in certain New York counties the products of defendant Awnair Corporation of America, that this was to be done through a corporation to be formed in which the three individuals would hold stock, that plaintiff corporation Awnair Inc. was accordingly so formed but that defendants Mitchell and Levine refused to go on with the project or to accept their stock but instead formed the new corporation Arrow-Awnair Inc. and caused the local distributorship to be given to that local corporation and refused otherwise to carry out the agreements of the individual parties. I do not see why that does not state a cause of action. King v. Barnes (109 N. Y. 267) is adequate authority for this complaint’s sufficiency.
*452 We are asked to hold here that individuals agreeing to go into business together and to carry out that business through a corporation cannot enforce such an agreement. Not only is there nothing illegal about such a plan but I venture to say it is one of the commonest of modern day business arrangements.
As to there being no term fixed for the duration of the joint venture, the relationship is then a continuing one, the obligations of which run on until the purpose is accomplished, even after formal dissolution of the venture (see Meinhard v. Salmon, 249 N. Y. 458, 471; 30 Am. Jur., Joint Adventures, § 44, p. 701). Even if defendants had the right to terminate at will the joint venture, “ equity is available to place the parties * * * in the legal position they would have occupied if the repudiated agreement had been performed ” (Monclova v. Arnett, 3 N Y 2d 33, 36 [May 23, 1957]).
The judgment should be reversed and the motion to dismiss the complaint denied, with costs.
Dye, Froessel, Van Voorhis and Burke, JJ., concur with Conway, Ch. J.; Fuld, J., concurs upon the second ground stated in the opinion; Desmond, J., dissents in a separate opinion.
Judgment affirmed.