OPINION OF THE COURT
Charles H. Cohen, J.
In this action to foreclose a real property mortgage on certain premises, known as 902 44th Street, Brooklyn, New York, plaintiffs have made a motion “for an order directing that the answer and counterclaims of defendants G.S.W. Realty Corp., Maurice Gruenspan and Helene Gruenspan be stricken and granting summary judgment of foreclosure and sale to the plaintiffs”.
It appears that this mortgage had been held by Anchor Savings Bank and was assigned to plaintiffs by assignment dated August 15, 1981. Opposition to this motion is based upon a dispute between the owners of the stock of the corporate defendant, the mortgagor. It appears that Maurice Gruenspan (who is the president of the defendant corporation) and his wife, Helene Gruenspan, own 50% of the stock of this corporation, and that Isaac W. Schiff and his wife, Rene Schiff, own the other 50%. The plaintiffs, *504 Norman L. Weinberg and Marcia F. Weinberg, are the son-in-law and daughter of the Schiffs. A dispute concerning the management of the property involved in this foreclosure developed between the Gruenspans and the Schiffs. There were acrimonious arguments, following which the Weinbergs bought the mortgage from Anchor Savings Bank. The Gruenspans charge that the Schiffs, in violation of their fiduciary duties as stockholders of the defendant corporation, conspired with the plaintiffs to obtain and did obtain an assignment of the mortgage sought to be foreclosed herein from Anchor Savings Bank.
In accordance with a stockholders’ agreement signed by the Gruenspans, the Schiffs and the corporation (as well as another party who apparently is no longer a stockholder), it was agreed that differences between the parties should be settled by arbitration before the American Arbitration Association. After the dispute between the Gruenspans and the Schiffs arose, the Gruenspans demanded that the Schiffs arbitrate their differences in accordance with a demand for arbitration dated April 3, 1981. This demand set forth the nature of the dispute as follows: “(1) The Schiffs have committed waste. (2) The Schiffs have removed cash and assets of G.S.W. Realty Corp. (3) The Schiffs have failed to make mortgage payments on the real estate owned by the corporation, placing the corporation into default. (4) Upon information and belief, the Schiffs caused the default for the purpose of acquiring the mortgage from Anchor Savings Bank in the name of their son-in-law, Mr. Weinberg. (5) The Schiffs have failed to comply with a previous arbitration award dated April 18,1975. (6) The directors and shareholders are irreconcilably deadlocked, thereby making the continued management of the corporation in accordance with the March 10, 1955 agreement untenable.”
The claim for relief sought was as follows: “(1) An immediate order under Section 34 of the Commercial Arbitration Rules that all payments due on the mortgage be paid immediately, all steps necessary to cure default be taken and immediate notice of any communication or legal action by the mortgagor be given to claimants. (2) A complete accounting of the corporate books and bank ac *505 counts and the personal bank accounts and books of the shareholders (such as was directed in the previous arbitration award) be completed by an independent C.P.A. who is not affiliated with the corporation or the shareholders. (3) A dissolution of the corporation, sale of the corporate real estate and distribution of the resulting assets to the shareholders.”
Following arbitration had pursuant to this demand, an award acknowledged January 5, 1982, was made. Among other things, it directed an accounting “of all accounts concerning the premises 902-44 St., Brooklyn, New York”, appointed an accountant to conduct the accounting and directed the parties to furnish him with various documents, directed the accountant to determine which sums are due to the parties from the corporation or from the parties to the corporation, appointed a managing agent of the property and directed that “When the accounting is completed, the managing agent shall sell the premises at auction under the same terms and conditions as is provided for in a foreclosure proceeding.” The award further stated: “In the event the mortgage that presently exists by the Parties which is held by the son-in-law of isaac w. schiff and rene schiff is called or foreclosed, the Parties shall pay equally the amount due thereon.”
In his affidavit in opposition to this motion Maurice Gruenspan, the president of the defendant corporation, states that while he and his wife have furnished the accountant with all necessary records, the Schiffs have not done so.
The defendant contends that there are issues of fact which preclude the granting of this motion as follows: the right of plaintiffs to bring this proceeding; the relationship of the plaintiffs to the Schiffs; the fiduciary duties of the Schiffs and whether, by violating them, they are entitled to foreclosure; and whether the arbitration agreement has been complied with by the Schiffs in view of the claim that they failed to co-operate in the rendering of an accounting.
THE PARTIES TO THIS ACTION
At the outset, the court observes that the only persons who brought this action were the Weinbergs, who are the *506 plaintiffs. Neither the Gruenspans nor the Schiffs were named as defendants. Nevertheless, the answer, interposed on behalf of the Gruenspans as well as the defendant corporation, names the Gruenspans as plaintiffs (calling them and defendant corporation “Counterclaim-Plaintiffs”) and name the Schiffs as defendants (calling them and the Weinbergs “Counterclaim-Defendants”).
CPLR 1003 requires that “Parties may be added or dropped by the court, on motion of any party or on its own initiative, at any stage of the action and upon such terms as may be just.” As stated in Muka v Sturgis (53 AD2d 716, 717), “A party can be added to a pending action or proceeding only on timely motion and an order of the court in which the action or proceeding is pending (CPLR 1012 and 1013 * * *)”. (See, also, Catanese v Lipschitz, 44 AD2d 579.) Since there has been no compliance with CPLR 1003, neither the Gruenspans nor the Schiffs have become parties to this action. The court notes the attempt of the Gruenspans to regard themselves as “John One” and as “John Two”, mentioned in the caption of the complaint, but this reference to these “Johns” is limited to persons intended to be “the tenants, occupants, persons or corporations, if any, having or claiming an interest in or lien upon the premises.”
Moreover, with regard to counterclaims against one not a party, CPLR 3019 (subd [d]) states that “Where a person not a party is alleged to be liable he shall be served with a summons and a copy of the answer containing the counterclaim”.' There has been no compliance with CPLR 3019 (subd [d]).
Accordingly, the motion is granted to the extent of striking the entire answer, including the counterclaims, of the Gruenspans as well as the counterclaims asserted against the Schiffs. That part of the answer interposed by the defendant corporation containing the first affirmative defense and the second counterclaim to the extent it is asserted by the, defendant corporation against plaintiffs may remain. (The first counterclaim, having been asserted against the Schiffs only, is dismissed in its entirety.)
*507 SUMMARY JUDGMENT
There remains for consideration the question of whether plaintiffs are entitled to summary judgment against the defendant corporation.
If the plaintiffs — or the Schiffs — had bought the mortgage by reason of malice towards the defendant corporation or the Gruenspans, where there had been no prior relationship, such malice would not constitute a defense (Morris v Tuthill, 72 NY 575). Here, however, there was a prior relationship, and it must be determined whether that relationship was such that it may preclude plaintiffs from bringing this action.
The Schiffs and the Gruenspans were each 50% stockholders of the defendant corporation. As appears from a stockholders’ agreement, signed by each of these stockholders and the corporation, each stockholder was apparently a director of the corporation with Maurice Gruenspan being its president and Isaac W. Schiff being the secretary-treasurer.
The agreement contained the following recitals:
“whereas, the parties hereto are desirous of becoming associated in the ownership, operation and maintenance of real property; and
“whereas, it is the intention of the parties hereto to form a corporation for the purpose of carrying on such business; and
“whereas, the parties hereto desire to make certain agreements between themselves with regard to the stock and interest in, and their affiliations with, the said corporation for the mutual interest and protection, and for the interest and protection of the corporation”.
Among other things, the agreement provides for loans to be made by the individuals to the corporation represented by demand notes which would not be payable unless all become payable; for the election of directors and officers of the corporation; for unanimity “in all matters of policy relating to any and all affairs of the corporation”; and for restrictions on the sale of the stock, with provision for sale to the remaining stockholders.
*508 In a broad sense, the Schiffs and the Gruenspans may readily be called “coadventurers, subject to fiduciary duties akin to those of partners” (Meinhard v Salmon, 249 NY 458, 462).
In Fleischer v Terker (259 NY 60), an action to foreclose a mortgage on certain property, defendant Terker alleged as a defense that she and defendant Runes acquired property as tenants in common and executed a mortgage on the property; that she paid her proportionate share of the installment of principal and interest due; that plaintiff procured an assignment of the mortgage to him as the nominee of defendant Runes for the benefit of defendant Runes; and that this defendant had willfully caused a default in order to defraud defendant Terker out of her equity in the property. The court, in upholding this defense, stated (p 64): “On its face, this is an allegation that one co-tenant has instigated a foreclosure so as to obtain the property for herself (Peck v. Peck, 110 N. Y. 64, 75; Thayer v. Leggett, 229 N. Y. 152, 158), and that plaintiff is an active participant in the scheme. In form it is sufficient as a defense. Each tenant in common is bound not to make any assault, direct or indirect, upon the interest of his co-tenant. (Meinhard v. Salmon, 249 N. Y. 458.) While the holder of a mortgage may assign it with malice and for the express purpose of wiping out the equity of the owner of the land on a mortgage foreclosure (Morris v. Tuthill, 72 N. Y. 575), this rule has never been applied where one co-tenant inspired a foreclosure action by a dummy to prejudice the rights of the other.”
Is the general principle set forth in Meinhard as to the fiduciary relationship of coadventurers and partners and the more specific principle set forth in Fleischer as to the relationship of one cotenant to the other in a mortgage foreclosure action applicable in this mortgage foreclosure action? Before answering this question, consideration must be given to the rule set forth in Weisman v Awnair Corp. of Amer. (3 NY2d 444, 449) to the effect that “[A] joint venture may not be carried on by individuals through a corporate form.”
In Weisman (supra), the complaint alleged that plaintiff Weisman and the individual defendants had entered into *509 an agreement and joint venture for the purpose of distributing products of the defendant corporation through a new corporation to be organized by plaintiff Weisman who was to have a certain portion of that corporation’s stock; that this new corporation was to be the exclusive distributor of products of the defendant corporation in certain counties in New York; that plaintiff Weisman caused the plaintiff corporation to be organized and commenced distributing such products; that after some time, in breach of the agreement, the defendant corporation named another corporation as distributor. Plaintiffs sought an injunction and an accounting. In deciding that the complaint did not state a cause of action, the court set forth the rule quoted above. It must be emphasized, however, that this rule was set forth in a situation involving possible personal liability for breach of contract where the individuals had decided to operate in corporate form. Quoting Jackson v Hooper (76 NJ Eq 592, 599), the court stated (3 NY2d, at p 449): “When parties ‘adopt the corporate form, with the corporate shield extended over them to protect them against personal liability, they cease to be partners and have only the rights, duties and obligations of stockholders. They cannot be partners inter sese and a corporation as to the rest of the world.’ ”
The court summed up its position by stating {supra, p 449): “What we do declare is that when individuals do determine to conduct business through a corporation, as is here alleged, they are not at one and the same time joint venturers and stockholders, fiduciaries and nonfiduciaries, personally liable and not personally liable.”
In the instant case, no claim of personal liability is involved in the defense being asserted. The corporate defendant is claiming that the Schiffs — who comprise half of its stockholders and apparently are directors, with Isaac W. Schiff being its secretary-treasurer — are attempting to destroy or injure it by having plaintiffs, their alter ego, foreclose a mortgage on its property after the Schiffs have prevented the corporation from paying a sum owing on the mortgage. Moreover, it is claimed that this is being done after the Schiffs and the Gruenspans participated in an arbitration proceeding in which the award declared that if *510 the mortgage is foreclosed, the Schiffs and Gruenspans “shall pay equally the amount due thereon.”
The bare words used in Weisman (supra), which has been criticized (Arditi v Dubitzky, 354 F2d 483, 485-487), and, apparently, limited in its application (Macklem v Marine Park Homes, 17 Misc 2d 439, affd 8 AD2d 824, affd 8 NY2d 1076), should not be extended to this case.
It has long been held that directors are trustees of a corporation (Continental Securities Co. v Belmont, 206 NY 7, 16) and bear a fiduciary relationship to it (Matter of Vogel [Lewis], 25 AD2d 212, 215, affd 19 NY2d 589). Also, the relationship of an officer to a corporation is that of a fiduciary as well (Jacobson v Brooklyn Lbr. Co., 184 NY 152, 162; see, also, Hinds v Fishkill & Matteawan Equit. Gas Co., 96 App Div 14; Business Corporation Law, § 717). Even if the rule of Weisman (3 NY2d 444, supra) would preclude a finding that the Gruenspans and the Schiffs are joint venturers and fiduciaries with respect to one another, the position of the Schiffs with respect to the defendant corporation may be a fiduciary one. As such, they may not act to destroy or injure the defendant corporation by foreclosing the mortgage on its principal or sole asset. Under such circumstances, Morris v Tuthill (72 NY 575, supra) would not be applicable.
While the mere fact that plaintiffs may not have paid value for the mortgage does not in and of itself bar plaintiffs from bringing this action. (Sheridan v Mayor, Aldermen & Commonalty of City of N. Y., 68 NY 30), yet if the Schiffs are barred from doing so by reason of a breach of a fiduciary duty owing to defendant corporation, the plaintiffs may also be barred from doing so if they are in fact the alter ego of the Schiffs (Fleischer v Terker, 259 NY 60, supra).
The relationship of plaintiffs to the Schiffs, the relationship of the Gruenspans to the Schiffs and their relationship to the defendant corporation raise issues of fact which are sufficient to defeat this motion for summary judgment since it may appear, upon appeal, that plaintiffs should be estopped from bringing this foreclosure action against defendant corporation as alleged in the first affir *511 mative defense of the answer. Accordingly, the motion for summary judgment by plaintiffs against the defendant corporation is denied.