■ OLIVETTI PARTNERS C.V. et al., Respondents-Appellants, v MICHAEL B. O'DOWD et al., Appellants-Respondents.—Order, Supreme Court, New York County (Harold Baer, Jr., J.), entered September 4, 1987, unanimously modified, on the law, to the extent of granting the cross motion for summary judgment dismissing plaintiffs' first cause of action for breach of contract against O'Dowd Research Pty., Ltd. (O'Dowd Research), and dismissing plaintiffs' third cause of action for breach of a fiduciary duty against both defendants and otherwise affirmed, without costs.

This action was brought for breach of contract, fraud and breach of fiduciary duties. Defendant Michael O'Dowd is a computer engineer who, at the time of the actions giving rise to this lawsuit, was in the process of developing certain computer technology. Plaintiffs agreed to assist him in various ways, including loans of money. Loans were given pursuant to

agreements dated November 21, 1984, April 12, 1985, August 15, 1985 and April 1986. The total amount loaned was $700,000. In return for the loans, defendant O'Dowd agreed, *inter alia,* to secure a patent in Australia, his home, on the computer technology, and to form a United States corporation to raise venture capital to develop and exploit the technology.

In their complaint, plaintiffs claimed breach of the agreements and fraud in that O'Dowd, among other things, withdrew his patent application and failed to form a United States corporation. The complaint also alleged a breach of an oral joint venture agreement made in October and November 1984 prior to the written agreements evidencing the loans.

Defendant O'Dowd Research was not a party to any of the agreements signed by O'Dowd as an individual. Thus, the cross motion for summary judgment dismissing the claims made against O'Dowd Research should have been granted. It is equally clear that the relations between the parties are governed by the various written agreements between the parties and parol evidence could not be used to vary the terms of those writings. *(New York Fruit Auction Corp. v City of New York,* 81 AD2d 159, 165, *affd* 56 NY2d 1015 [1982].) Moreover, insofar as the complaint alleges that a part of the agreement of joint venture was to form a corporation in which plaintiffs would own substantial stock, it violates the ruling of the Court of Appeals that a joint venture cannot be carried on by individuals in a corporate form. *(See, Weisman v Awnair Corp.,* 3 NY2d 444, 449 [1957].) Thus, the cross motion for summary judgment dismissing the third cause of action alleging breach of fiduciary duties with respect to an oral agreement of joint venture should have been granted. Concur—Ross, J. P., Carro, Rosenberger, Wallach and Smith, JJ.