■ ANDREW D. BERKE, Respondent, v ROBERT I. HAMBY et al., Appellants. [718 NYS2d 887] —In an action, *inter alia,* for an accounting, the defendants appeal from an order of the Supreme Court, Nassau County (Phelan, J.), dated September 23, 1999, which denied their motion to strike the plaintiff's demand for a jury trial.

■ ANDREW D. BERKE, Appellant, v ROBERT I. HAMBY et al., Respondents. [719 NYS2d 280] —In an action for an accounting, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Phelan, J.), dated December 17, 1999, as granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff was hired by the defendant Robert I. Hamby, M.D., P. C. (hereinafter the P. C.), pursuant to a written employment agreement which expired in 1993. The agreement provided that at the expiration of the plaintiff's term of employment, if the parties "then mutually agree," they "may" enter into a partnership agreement. The plaintiff continued to work for the P. C. until a dispute arose in 1995. In the instant action, the plaintiff alleged that he entered into an oral partnership agreement with the defendant Robert I. Hamby after termination of the employment agreement and that he is entitled to an accounting of partnership assets.

The Supreme Court properly granted the defendants' motion for summary judgment dismissing the complaint. The defendants made a prima facie showing of entitlement to judgment as a matter of law, and the plaintiff failed to produce evidentiary proof sufficient to establish the existence of a material issue of fact (see, Alvarez v Prospect Hosp., 68 NY2d 320). The medical practice in which the plaintiff claims to have been a partner operated as a professional corporation during the period of the plaintiff's employment, and the plaintiff never became a shareholder. Assuming the validity of the plaintiff's contention that Robert I. Hamby treated him as a partner following the expiration of their employment agreement, as a general rule, a partnership may not exist where the business is conducted in a corporate form, as each is governed by a separate body of law (see, Weisman v Awnair Corp., 3 NY2d 444; see also, Notar-Francesco v Furci, 149 AD2d 490). Parties may not be partners between themselves while using the corporate shield to protect themselves against personal liability (see, Weisman v Awnair Corp., supra). Accordingly, as no fiduciary relationship existed between the plaintiff and the defendants, the equitable remedy of an accounting is not available (see, Weisman v Awnair Corp., supra). Bracken, Acting P. J., O'Brien, Santucci and Florio, JJ., concur.