Appeal from an order of the Supreme Court, Monroe County (John J. Ark, J.), entered March 12, 2012. The order denied the motion of defendant for summary judgment.
It is hereby ordered that the order so appealed from is unanimously modified on the law by granting defendant’s motion in part and dismissing the first cause of action and as modified the order is affirmed without costs.
Memorandum: Plaintiffs commenced this action alleging the breach of a partnership agreement and fraud, and seeking an accounting with respect to a court reporting business that operated as Midtown Reporting Service. We reject defendant’s contention that Supreme Court erred in denying that part of its motion for summary judgment dismissing the causes of action alleging breach of a partnership agreement and seeking an accounting. Although defendant is correct in asserting that “a joint venture may not be carried on by individuals through a corporate form” (Weisman v Awnair Corp. of Am., 3 NY2d 444, 449 [1957]), that principle set forth in Weisman “has been qualified” (Blank v Blank, 222 AD2d 851, 852 [1995]), and thus defendant is not entitled to judgment as a matter of law. Where, as here, “there is no written partnership agreement between the parties, the court must determine whether a partnership in fact existed from the conduct, intention, and relationship between the parties” (Czernicki v Lawniczak, 74 AD3d 1121, 1124 [2010]). “In deciding whether a partnership exists, the factors *1262 to be considered are the intent of [those individuals] (express or implied), whether there was joint control and management of the business, whether there was a sharing of the profits as well as a sharing of the losses [ ] and whether there was a combination of property, skill or knowledge ... No one factor is determinative; it is necessary to examine the . . . relationship as a whole” (Griffith Energy, Inc. v Evans, 85 AD3d 1564, 1565 [internal quotation marks omitted]). Based on this record, we conclude that there are issues of fact whether a partnership existed and, if so, whether the partnership agreement was breached. Given those issues of fact, plaintiffs likewise have a viable cause of action for an accounting (see generally Bouley v Bouley, 19 AD3d 1049, 1051 [2005]).
We agree with defendant, however, that the court erred in denying that part of its motion with respect to the first cause of action, for fraud. We therefore modify the order accordingly. To prevail on a cause of action for fraud, plaintiffs must prove “a material misrepresentation of a fact, knowledge of its falsity, an intent to induce reliance, justifiable reliance by the plaintiffis] and damages” (Eurycleia Partners, LP v Seward & Kissel, LLP, 12 NY3d 553, 559 [2009]; see Ross v Louise Wise Servs., Inc., 8 NY3d 478, 488 [2007]; Lama Holding Co. v Smith Barney, 88 NY2d 413, 421 [1996]). Defendant met its initial burden of establishing its entitlement to judgment as a matter of law with respect to the cause of action for fraud, and plaintiffs failed to raise an issue of fact in opposition (see generally Zuckerman v City of New York, 49 NY2d 557, 562 [1980]). Present — Fahey, J.E, Garni, Bindley and Sconiers, JJ.