■ AMY K. QUINN et al., as Coexecutrices of JOHN J. QUINN, Deceased, Respondents, v STUART LAKES CLUB, INC., et al., Appellants.—Order and judgment (one paper), Supreme Court, New York County, entered December 6, 1977, unanimously modified, on the law, to deny plaintiffs-respondents' motion for summary judgment, to vacate the declaratory judgment, and otherwise to affirm, without costs and without disbursements. The facts, to the extent they are revealed to us, are not controverted. Plaintiff-respondent Amy Quinn is coexecutrix of and sole beneficiary under the will of her late father who, at his death, owned one of the two outstanding shares of stock in the defendant-appellant corporation, the other share being held by the individual codefendant-appellant. The certificate of incorporation, containing no restrictions on alienation of shares, provides in pertinent part that the corporation was formed to acquire land in New York State. Article 9 of the by-laws provides for cancellation of a certificate of stock upon death or other cessation of membership of the owner, whether or not actually surrendered. A request made by defendants for surrender of the certificate was rejected, and plaintiffs sued to have article 9 declared void and Amy the sole person entitled to ownership of the stock, to compel transfer to her, and to enjoin disposition of corporate property. The answer asserts that the corporate defendant has always been a social club, even though its corporate structure is that of a stock corporation. Further, that plaintiffs are estopped from contesting the by-law's validity: plaintiff's decedent was one of the initiators in 1952, some 24 years after incorporation, of the subject by-law, and participated in prior years in its enforcement. Special Term, indicating that the by-law prescribes a form of tontine, illegal in many States, and against public policy, said "the way to survive others is to see that they predecease you." (see 44 CJS, Insurance, § 27g, p 489.) Restrictions on transfer of stock corporation shares are required to be reasonable and appropriate. *(Allen v Biltmore Tissue Corp.,* 2 NY2d 534.) Social clubs may be said generally not to be held to the same inhibitions. And in examining to determine which species of organization is here involved, we are to look to substance rather than form. (See *Thomashefsky v Edelstein,* 192 App Div 368; *Penthouse Props. v 1158 Fifth Ave.,* 256 App Div 685.) Many relevant questions bearing on what kind of corporate structure we deal with here remain unanswered, such as, for instance, the source of the original capital; the form it took; the circumstances of choice of form of organization; the corporation's history; the dues and other membership requirements; and others. The case is not ripe for summary judgment on the record supplied to us. Concur—Kupferman, J. P., Lupiano, Markewich, Yesawich and Sullivan, JJ.