■ SHIRLEY SANDERS, Doing Business as SLOAN DISTRIBUTING & MANUFACTURING COMPANY, Respondent-Appellant, v GILBERT BOELKE et al., Appellants-Respondents. (Appeal No. 1.)—Judgment unanimously reversed on the law without costs and matter remitted to Supreme Court for further proceedings, in accordance with the following Memorandum: In 1971, defendant Gilbert Boelke (Boelke) and Bernard Sanders orally agreed to enter into a joint venture for the design, manufacture, assembly and distribution of electronic products. Boelke's company, GLB Enterprises, would perform the design and manufacturing function and Sanders' company, Sloan Distributing & Manufacturing Company (Sloan) would assemble and market the electronic products. The agreement provided that the profits of the venture would be divided on the basis of one-third to Sanders and the remaining two-thirds to Boelke. In 1981, Sanders transferred his entire interest in Sloan to plaintiff, Shirley Sanders. In May, 1985, plaintiff and Boelke agreed to form a new corporation, GLB Electronics, Inc. (Electronics), with the combined assets of the joint venture constituting the assets of Electronics. Boelke testified that, in payment for plaintiff's one-third interest in the joint venture, he offered her either one-third of the stock in Electronics, "or perhaps [a] lump sum payment" in cash. Plaintiff testified that she was to receive one-third of the stock and "one-third of the profits" in payment of her interest in the joint venture. Plaintiff has received none of the promised consideration.

Plaintiff commenced this action against defendants seeking her share of the profits earned by the joint venture in the

period January 1, 1985 to May 15, 1985, the date that the joint venture terminated. Plaintiff also sought the following relief:

"1. Defendant be enjoined and restrained:

"a. From continuing to operate the partnership business to the exclusion of the Plaintiff,

"b. From interfering with the property of the partnership and denying Plaintiff access to same,

"c. From collecting accounts receivable of the partnership and keeping the funds for himself; and

"d. From disposing of the assets of the partnership without the consent of the Plaintiff.

"2. Plaintiff be restored to her rightful position as partner and be awarded equal control over all partnership business and assets pending the determination of this action."

Supreme Court granted plaintiff partial summary judgment and directed that Boelke "shall provide an accounting to the plaintiff pursuant to the New York State Partnership Law". The court found that a joint venture existed between the parties in which plaintiff had a one-third interest and defendant had a two-thirds interest. In a supplemental decision, the court concluded that the joint venture terminated on May 15, 1985, the date of incorporation of Electronics. The matter was referred to a Judicial Hearing Officer (JHO).

At the hearing before the JHO, both parties offered proof with respect to the amount owed to plaintiff. The JHO concluded that plaintiff was entitled to the value of her one-third interest in the joint venture, including goodwill, as of the date it was terminated on May 15, 1985. He determined that the value of that interest was $389,264 and, accordingly, awarded her judgment in that amount.

We reverse. Once the parties agreed to conduct the business as a corporation and implemented that agreement by forming a corporation " 'they cease[d] to be partners and ha[d] only the rights, duties and obligations of stockholders. They cannot be partners *inter sese* and a corporation as to the rest of the world' " *(Weisman v Awnair Corp.,* 3 NY2d 444, 449). The record establishes that defendant promised plaintiff one-third of the stock of Electronics in exchange for her agreement to transfer the assets of Sloan to Electronics and to continue the business of the joint venture in the corporate form. We find, therefore, that plaintiff is entitled either to impress a trust on one-third of the shares of stock of Electronics or, at her option, to receive the value of the stock as of the date of the com-

mencement of the action *(see, Judelson v Weintraub,* 55 AD2d 906). Plaintiff, however, is not entitled to recover the value of her one-third interest in the joint venture nor does the complaint seek that relief. Additionally, plaintiff is entitled to recover her share of any unpaid profits earned by the joint venture in the period January 1, 1985 to May 15, 1985. In view of our determination, we do not address defendants' remaining contentions. (Appeals from Judgment of Supreme Court, Erie County, Dillon, J.H.O.—Accounting.) Present—Denman, J. P., Green, Balio, Lowery and Davis, JJ.