Bianchi v Midtown Reporting Serv., Inc. (2018 NY Slip Op 04895)





Bianchi v Midtown Reporting Serv., Inc.


2018 NY Slip Op 04895


Decided on June 29, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 29, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., PERADOTTO, CARNI, AND DEJOSEPH, JJ.


771 CA 17-00387

[*1]RICHARD BIANCHI, ANGELO BIANCHI AND JOSEPH ERRIGO, PLAINTIFFS-RESPONDENTS,
v
MIDTOWN REPORTING SERVICE, INC., DOING BUSINESS AS MIDTOWN REPORTING SERVICE, DEFENDANT-APPELLANT, AND GARY POOLER, INTERVENOR-APPELLANT. (APPEAL NO. 1.) 






ERNSTROM & DRESTE, LLP, ROCHESTER (TIMOTHY D. BOLDT OF COUNSEL), FOR DEFENDANT-APPELLANT.
ERNSTROM & DRESTE, LLP, ROCHESTER (MARTHA A. CONNOLLY OF COUNSEL), FOR INTERVENOR-APPELLANT.
SCHIANO LAW OFFICE, P.C., ROCHESTER (CHARLES A. SCHIANO, SR., OF COUNSEL), FOR PLAINTIFFS-RESPONDENTS.


 Appeals from an order of the Supreme Court, Monroe County (John J. Ark, J.), entered January 25, 2017. The order awarded plaintiffs a judgment totaling $162,391.19 against defendant and Gary Pooler. 
It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs, the motion for a trial order of dismissal is granted and the amended complaint is dismissed.
Memorandum: Plaintiffs operated a court reporting partnership from 1975 to 1999. Upon dissolution of the partnership, they agreed to consolidate their business with defendant, an existing court reporting corporation that was owned by intervenor Gary Pooler. Although after the consolidation various written agreements were proposed concerning plaintiffs' ownership stake in defendant, none of those agreements were executed. Instead, the parties operated in accordance with the terms of an unsigned partnership agreement from 2002, which provided that plaintiffs were to receive annual distributions. Pooler eventually stopped making those distributions, however, and plaintiffs commenced this action against defendant, asserting causes of action for fraud, breach of contract, and an accounting.
On a prior appeal, this Court modified an order denying defendant's motion for summary judgment dismissing the amended complaint by granting the motion in part and dismissing the cause of action for fraud (Bianchi v Midtown Reporting Serv., Inc., 103 AD3d 1261, 1262 [4th Dept 2013]). Thereafter, this matter proceeded to trial, and defendant moved for a trial order of dismissal on the ground that plaintiffs failed to establish the existence of a valid partnership. After reserving decision, Supreme Court, in effect, denied the motion and entered an order awarding a money judgment against both defendant and Pooler. Defendant then moved to vacate the order and plaintiffs' statement for judgment on the ground that the court lacked personal jurisdiction over Pooler and lacked subject matter jurisdiction to issue a judgment against defendant. The court, in effect, granted the motion in part and vacated the statement for judgment. In appeal No. 1, defendant and Pooler appeal from the order awarding a money judgment and, in appeal No. 2, defendant appeals from the order vacating the statement for judgment. Although Pooler was not a named defendant in this action, we granted him permission to intervene in appeal No. 1.
With respect to appeal No. 1, we agree with defendant and Pooler that the court erred in denying defendant's motion for a trial order of dismissal. Plaintiffs' theory of the case and their testimony at trial conclusively establishes that they intended to form a partnership with Pooler only and not defendant, and that the partnership would operate through the existing corporate defendant. We agree with defendant that a party "cannot recover on a claim that he [or she] and [another individual] entered into a joint venture to be set up and run through the corporate . . . structure" (Lombard & Co., Inc. v De La Roche, 46 AD3d 393, 393 [1st Dept 2007], lv dismissed 11 NY3d 782 [2008], rearg denied 11 NY3d 846 [2008]; see Weisman v Awnair Corp. of Am., 3 NY2d 444, 449 [1957]). "[A]s a general rule, a partnership may not exist where the business is conducted in a corporate form, as each is governed by a separate body of law . . . Parties may not be partners between themselves while using the corporate shield to protect themselves against personal liability" (Berke v Hamby, 279 AD2d 491, 492 [2d Dept 2001]; see Sanders v Boelke, 172 AD2d 1014, 1015-1016 [4th Dept 1991]). Although that rule has been qualified "so as not to preclude members of a preexisting joint venture from acting as partners between themselves and as a corporation to the rest of the world,' " that qualification is inapplicable here because defendant was formed before the partnership was allegedly created by an oral agreement (Lombard & Co., Inc., 46 AD3d at 393-394). In other words, "there was no preexisting joint venture that later spawned the creation of a corporation in which aspects of the joint venture could survive" (id. at 394).
In light of our determination, the remaining contentions in appeal No. 1 and defendant's appeal from the order in appeal No. 2 are academic. We therefore dismiss defendant's appeal from the order in appeal No. 2 (see Matter of Jakubowicz v Village of Fredonia, 159 AD3d 1540, 1541-1542 [4th Dept 2018]).
Entered: June 29, 2018
Mark W. Bennett
Clerk of the Court